Nydia Maria DIAZ–BUXO, Plaintiff,
Appellant,

v.

Hon. Jose T. TRIAS MONGE, etc., et
al., Defendants, Appellees.

No. 78–1260.

United States Court of Appeals,
First Circuit.

Argued Oct. 2, 1978.

Decided Feb. 23, 1979.

Nydia Maria Diaz-Buxo, pro se.

Miguel A. Santana Bagur, Asst. Sol. Gen., Dept. of Justice, Rio Piedras, P. R., with whom Hector A. Colon Cruz, Sol. Gen., San Juan, P. R., was on brief, for appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Plaintiff appeals from the district court's dismissal of her complaint on the ground of res judicata and from the court's refusal to enter judgments of default against the defendants. Plaintiff's original complaint in the district court challenged the denial of her admission to the Puerto Rico Bar. The complaint, based on 42 U.S.C. §§ 1981, 1983 and 28 U.S.C. §§ 1331, 1343(3) against the Supreme Court of Puerto Rico, its clerk, the Board of Puerto Rico Bar Examiners, and the Board's executive secretary, sought a declaration that the procedures for licensing of attorneys are arbitrary and thus constitute a denial of due process, a declaration that plaintiff is entitled to a license to practice law and an order compelling defendants to grant said license, and damages. Plaintiff alleged she was certain she passed the exam, that she was denied access to her exam and record, and that the absence of review procedures violates due process. She requested the convening of a three-judge court under then applicable 28 U.S.C. § 2281. Defendants' motion to dismiss for lack of jurisdiction was granted by a single judge, who determined that no substantial federal question had been presented. This court reversed, holding the single judge was without jurisdiction to dismiss plaintiff's claim as meritless. In remanding, however, we instructed the single judge, before requesting the convening of a three-judge court, to determine whether proceedings plaintiff had pursued in the Puerto Rico Supreme Court prior to instituting the federal suit barred the instant suit under the doctrine of res judicata.

The district court on remand ordered the defendants to file their answer to plaintiff's complaint within ten days and to submit therewith documentation indicating whether or not plaintiff had retaken the bar exam and passed. Eleven days after entry of the district court order, defendant.., without filing an answer, moved to dismiss on the basis of res judicata. Plaintiff subsequently sought to default the defendants for failure to comply with the order. This motion was not granted, plaintiff's complaint was dismissed on res judicata grounds, and plaintiff appealed.

Plaintiff first argues that defendants' motion to dismiss on the ground of res judicata was procedurally improper because res judicata may only be asserted by answer, Fed.R.Civ.P. 8(c), not by motion, Fed. R.Civ.P. 12(b), and because the filing of this second motion to dismiss is prohibited by Fed.R.Civ.P. 12(g). Ordinarily, res judicata is pleaded as an affirmative defense. Fed. R.Civ.P. 8(c). However, where the substantive rights of parties are not endangered, it is within the discretion of the district court to permit it to be raised by motion. *Lambert v. Conrad,* 536 F.2d 1183 (7th Cir. 1976); *Thomas v. Consolidated Coal Co.,* 380 F.2d 69 (4th Cir. 1967), *cert. denied,* 389 U.S. 1004, 88 S.Ct. 562, 19 L.Ed.2d 599, *reh. denied,* 389 U.S. 1059, 88 S.Ct. 768, 19 L.Ed.2d 862; *Williams v. Murdoch,* 330 F.2d 745 (3d Cir. 1964); *Hartmann v. Time, Inc.,* 166 F.2d 127, 131 n. 3 (3d Cir. 1948), *cert. denied,* 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed.

1763; *348 Bloomfield Avenue Corp. v. Montclair Manufacturing Co.,* 90 F.Supp. 1020 (N.J.1950); C. Wright & A. Miller, *Federal Practice and Procedure* § 1277 (1969). Here, plaintiff had ample opportunity to respond to defendants' motion as she in fact did in her lengthy motion in opposition to defendants' motion to dismiss. The prohibition of Fed.R.Civ.P. 12(g) against successive pre-answer motions expressly covers only those motions brought under Rule 12, though its policy may pertain in other instances. As there was no prejudice to plaintiff resulting from the procedural format in which the issue of res judicata was considered, we do not find it to be reversible error for the district court to have entertained the issue by motion in these circumstances.

Plaintiff's argument that it was error for the district court to refuse to default defendants under Fed.R.Civ.P. 55 is based on defendants' failure to file an answer within the specified ten days. Plaintiff reiterates the argument considered above—defendants' proceeding by motion rather than by answer—and contends that even if defendants' motion is treated as an appropriate response to the district court's order, it was filed too late. Defendants, invoking Fed.R.Civ.P. 6(e) which enlarges the time for response by three days when service is made by mail, argue their motion was timely. Whether or not service of the district court's order was by mail is not apparent from the record, although it seems unlikely that notice would be served personally. The district court, in any event, rejected plaintiff's objection to timeliness, denied plaintiff's motion to default the defendants, and proceeded to the merits of defendants' motion. The court thus implicitly upheld the timeliness of defendants' response. In the absence of contrary evidence, we see no reason to disturb its actions.

Attached to defendants' res judicata motion were six supporting exhibits apparently consisting of plaintiff's motions to the Puerto Rico Supreme Court and the Court's responses thereto. These exhibits have not been included in the record on appeal. Plaintiff argues it was error for the district court to consider these exhibits because they were not properly authenticated under Rule 8(g)[1] of the Rules of the Supreme Court of Puerto Rico and because the documents were in the Spanish language violating Rule 6 of the Rules of the United States District Court for the District of Puerto Rico.

Rule 8(g) provides:

"The Clerk shall be the keeper of the seal of the Court, and all documents signed by him in original or facsimile and with the seal of the Court, affixed thereon, shall be deemed duly authenticated."

Defendants have stated that one of the documents submitted was signed by the clerk and that this document certified the remainder as being copies of the originals. Plaintiff's challenge to the authenticity of these documents appears in various of plaintiff's motions before the district court. The district court's acceptance of the documents into evidence imports a determination that they were properly authenticated, and as there is nothing before us to indicate this determination was erroneous, we have no reason to disagree with it.

[4] Rule 6 of the rules of the district court provides in pertinent part:

"A. Translations. All documents not in the English language which are presented to or filed in the Court, whether as evidence or otherwise, shall be accompanied at the time of presentation or filing by an English translation thereof, unless the Court shall otherwise order."

Under this rule, the district court has discretion to order the acceptance of documents in a language other than English. While no formal order was entered, all parties appear to have been fully conversant with Spanish. Plaintiff does not say that these documents were not readily understood by her, nor has she questioned the accuracy of the judge's translation. If there was error, it was clearly harmless. *See* Fed.R.Civ.P. 61.

---

1. Plaintiff's brief refers to Rule 5(g) which does not exist.

Finally, plaintiff argues her complaint was not properly dismissed on the ground of res judicata because the Puerto Rico Supreme Court never passed upon the merits of her federal constitutional contentions but instead simply denied her any review at all.

It appears from the opinion of the district court that plaintiff presented three motions to the Puerto Rico Supreme Court before filing her complaint in the federal court. The first motion, dated December 3, 1974 and entitled Motion for Appeal and/or Review under Rule 49 of Civil Procedure, attacked the bar exam as lacking objectivity and asked for a review of plaintiff's case. This motion was denied on December 17, 1974. The second motion, dated December 23, 1974, requested a copy of plaintiff's exam, the answer key to same, the rules adopted by the Supreme Court and board of bar examiners relative to said exam, the minutes and deliberation of the board, and copies of the exams of all other applicants. Plaintiff's third motion, a motion for reconsideration dated December 23, 1974, alleged in part:

> "That the Supreme Court's determination related to petitioner, of not admitting her to the exercise of the law lacks basis and violates her right to due process and to the equal protection of the laws guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States of America; because the rules for grading for approval are arbitrary and because the procedure of designing and correcting the exam is arbitrary itself."

The district court determined that the issues raised by plaintiff in her § 1983 suit were virtually identical to those advanced before the Supreme Court of Puerto Rico, a determination with which we agree and which has not been challenged by plaintiff.

The Puerto Rico Supreme Court responded in material part to the December 23, 1974 motions as follows:

> "To the writs dated December 23, 1974, one entitled 'Motion for Reconsideration' and the other entitled 'Motion', *no ha lugar*."

The court went on to note that no purpose would be served by allowing plaintiff to see the bar exam responses because the examiners make no notations thereon.

Neither copies of the plaintiff's motions nor of the Court's response thereto are contained in this record on appeal. On the other hand, none of the parties dispute the correctness of the district court's summary of plaintiff's motions and the Supreme Court's responses thereto. Plaintiff's disagreement is with the district court's conclusion that the resolution "no ha lugar" was a disposition on the merits and that therefore plaintiff was collaterally estopped. from relitigating her constitutional claims in the federal court.

█ In the context of a petition for certiorari to the Puerto Rico Supreme Court the phrase "no ha lugar" is equivalent to the statement certiorari denied. It does not imply approval of the lower court decision, but merely denotes that the court will not exercise its discretion to grant the extraordinary relief requested. *Suarez v. Administrador Del Deporte Hipico de Puerto Rico,* 354 F.Supp. 320 (D.P.R.1972); *Borinquen Furniture, Inc. v. District Court,* 78 P.R.R. 858, 861 (1956); *Bartolomei v. Superior Court,* 77 P.R.R. 436, 437 (1954); *Algarin v. District Court,* 59 P.R.R. 848 (1942). *See also Fernandez v. Monge,* 586 F.2d 848, 857 (1st Cir. 1978). The district court, based on its familiarity with local procedure, ruled that while "no ha lugar" is an administrative disposition of a case in the context of a writ of certiorari, in the instant proceeding it was equivalent to the statement "reconsideration denied" and was a disposition on the merits of plaintiff's constitutional claims. The judge indicated this result was underscored by the fact that the Supreme Court had accompanied the "no ha lugar" by an explicit consideration of some of plaintiff's arguments.

Substantial deference must be accorded the district court's determination on this matter of local procedure. *Berrios Rivera v. British Ropes, Ltd.,* 575 F.2d 966, 970 (1st Cir. 1978); *Graffals Gonzalez v. Garcia Santiago,* 550 F.2d 687, 688 (1st Cir. 1977); *Cf.*

*Fornaris v. Ridge Tool Co.,* 400 U.S. 41, 43, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970); *Bonet v. Texas Co.,* 308 U.S. 463, 470–71, 60 S.Ct. 349, 84 L.Ed. 401 (1940); *Bonet v. Yabucoa Sugar Co.,* 306 U.S. 505, 510, 59 S.Ct. 626, 83 L.Ed. 946 (1939); *Pagan Torres v. Negron Ramos,* 578 F.2d 11, 14–15 (1st Cir. 1978). We are reminded in this respect of Mr. Justice Holmes' comments upon an outsider's perception of an unfamiliar legal system:

> "When we contemplate such a system from the outside it seems like a wall of stone, every part even with all the others, except so far as our own legal education may lead us to see subordinations to which we are accustomed. But to one brought up within it, varying emphasis, tacit assumptions, unwritten practices, a thousand influences gained only from life, may give to the different parts wholly new values that logic and grammar never could have got from the books." *Diaz v. Gonzalez,* 261 U.S. 102, 106, 43 S.Ct. 286, 287, 67 L.Ed. 550 (1923).

The district court's interpretation of the phrase "no ha lugar" is not inconsistent with our opinion in *Jimenez v. Jones,* 195 F.2d 159, 162–63 (1st Cir. 1952), *cert. denied,* 344 U.S. 840, 73 S.Ct. 52, 97 L.Ed. 654, where we recognized that the Puerto Rico Supreme Court's denial of a petition for habeas corpus "no ha lugar" may be a resolution of the merits of petitioner's claims but decided, under the particular circumstances of that case where no further explanation had accompanied the denial that a determination on the merits had not been intended. Therefore, we cannot say that the district court's decision was clearly wrong.

■ Because the Puerto Rico Supreme Court passed on the merits of plaintiff's claims, it necessarily decided the constitutional issues raised. The denial of a motion for reconsideration raising constitutional issues, even though decided without opinion, ordinarily forecloses collateral litigation of the constitutional questions. *Grossgold v. Supreme Court of Illinois,* 557 F.2d 122, 124–25 (7th Cir. 1977). Where a final state court adjudication of matters relating to membership in a a state bar has been had, the only federal review available is in the Supreme Court by petition for certiorari. *Martinez Rivera v. Trias Monge,* 587 F.2d 539 (1st Cir. 1978).

■ Nor do we accept plaintiff's unsupported contention that the Puerto Rico Supreme Court was acting in an administrative capacity rather than as a court of law in passing upon her motions and that therefore the principles of res judicata do not obtain. It is settled by Puerto Rican case law that the admission of persons to the practice of law is a judicial function. *Guerrero v. Court of Tax Appeals,* 60 P.R.R. 236, 242, 245 (1942). The Supreme Court entertains petitions for admission in the normal course of its judicial proceedings and renders decisions thereon. *See,* for example, *Ex parte Jimenez,* 55 P.R.R. 51 (1939).

We therefore uphold the ruling of the district court that plaintiff is precluded from relitigating the constitutional issues. *See Sylvander v. New England Home for Little Wanderers,* 584 F.2d 1103, 1107–08 (1st Cir. 1978).

*Affirmed.*