Fausto A. **RODRIGUEZ** et al.,
**Plaintiffs, Appellants,**

v.

Carlos Garcia **BALDRICH, Defendant,
Appellee.**

**No. 79–1573.**

United States Court of Appeals,
First Circuit.

Submitted April 10, 1980.
Decided Aug. 14, 1980.

David Efron, Rio Piedras, P. R., on brief for appellants.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

In this diversity case, the question on appeal is whether the district court properly dismissed the action as *res judicata.* Unable to answer this question at present, we remand for further proceedings.

The essential facts are as follows. In 1974, a widow brought suit, on her own behalf and on behalf of her minor son, against Carlos Garcia Baldrich in the Puerto Rican Superior Court. She alleged that the defendant agreed to pay her husband $30,000 for shares of a corporation but refused to pay the second installment of the debt ($19,000) after her husband died. Upon the defendant's motion, the complaint was dismissed due to the plaintiff's failure to deposit a non-resident bond, as required by Rule 69.5 of the Puerto Rican Rules of Civil Procedure.[1] A motion for reconsideration was denied; no appeal was taken. Af-

ter changing lawyers, the plaintiffs brought an essentially identical action in the federal district court of Puerto Rico in 1979. The defendant moved to dismiss on the ground of *res judicata.*[2]

In granting the motion to dismiss, the district court relied on the language of Rule 69.5, and a Puerto Rican Supreme Court case interpreting it, *Bram v. Gateway Plaza, Inc.,* 103 D.P.R. 716 (1975).[3] Rule 69.5 provides:

When the plaintiff resides outside of Puerto Rico or is a foreign corporation, a bond shall be required to secure the costs, expenses, and attorney's fees which may be awarded. All proceedings in the action shall be stayed until bond is given, which shall not be less than three hundred dollars. The court may require an additional bond upon a showing that the original bond is not sufficient security, and stay the proceedings in the action until such additional bond is given.

After the lapse of 90 days from the service of the order requiring bond or additional bond, without the bond having been given, the court shall dismiss the action.

In *Bram,* the Supreme Court of Puerto Rico noted that under Rule 69.5 dismissal for failure to post a non-resident bond within 90 days is mandatory. While pointing out that under Rule 68.2(2) the ninety day period could be extended upon a showing of a well-founded excuse for delay, the court stated that if the excuse presented does not satisfy the judge, his decision shall have the efficacy of *res judicata.* Dismissal should be final, the court reasoned, in order to serve Rule 69.5's purpose of speedy termination of actions, and in accordance with

---

1. The plaintiffs, who are citizens of Florida, say dismissal resulted because of a defect in the non-resident bond, but we are in no position to look behind the Superior Court records that were presented to the district court and that indicate dismissal was for failure to file a bond. On remand, the district court may deem it appropriate to look further into the circumstances of the dismissal.

2. *Res judicata* is more properly pleaded as an affirmative defense in an answer, Fed.R.Civ.P.

8(c), but no objection has been raised to the consideration of the issue on a motion to dismiss and no prejudice is discernible. *See Diaz-Buxo v. Trias Monge,* 593 F.2d 153, 154–55 (1st Cir.), *cert. denied,* 444 U.S. 833, 100 S.Ct. 64, 62 L.Ed.2d 42 (1979).

3. Upon order of this court, the appellants provided a translation of *Bram* into English. *See* 1st Cir. R. 11(g).

Rule 39.2's provision that dismissal for failure to prosecute or to comply with a court rule or order shall operate as an adjudication on the merits.

On appeal, the plaintiffs do not dispute that Puerto Rican law (rather than federal law) controls the *res judicata* effect to be accorded the judgment of the Puerto Rican Superior Court. This is fitting, for in a recent diversity case we looked to Puerto Rican law to determine the *res judicata* implications of a prior Puerto Rican Superior Court judgment. *Berrios Rivera v. British Ropes, Ltd.*, 575 F.2d 966, 969–70 (1st Cir. 1978). The weight of authority is that local law controls in this situation. *See* 1A, Pt. 3 Moore's Federal Practice ¶ 0.311[2], at 3178 & n. 24 (2d ed. 1979).

The plaintiffs' argument is that under Puerto Rican law, the Superior Court judgment did not bar their federal suit. As we understand their argument, it has two facets.

First, the plaintiffs contend that dismissal for failure to post a non-resident bond cannot be *res judicata* because the merits of the case were never reached. The *Bram* case, however, squarely rebuts this proposition. Although the plaintiffs imply that *Bram* was wrongly decided under Puerto Rican law, they make no convincing argument in this regard and suggest no basis upon which we could disregard *Bram*.

Next, the plaintiffs contend that *Bram* is not dispositive of their case because a separate line of Puerto Rican cases states that, as a matter of public policy, the doctrine of *res judicata* should not be applied if it would defeat the ends of justice. *E. g., Figueroa v. Municipality of San Juan*, 98 P.R.R. 523, 545 (1970); *Feliciano Ruiz v. Alfonso Development Corp.*, 96 P.R.R. 105, 111 (1968); *Perez v. Bauza*, 83 P.R.R. 213, 218–20 (1961). *See also Gonzales v. Fire-*

man's Fund Insurance Co., 385 F.Supp. 140, 146 (D.P.R.1974). According to the plaintiffs, the dismissal of their first action should not be given *res judicata* effect under local law because the rights of a minor are involved and the defendant has never denied owing the debt or been put to the trouble of defending a suit on its merits.

This second argument has substance. It is not clear to us that *Bram* controls the case at bar. *Bram* appears to have been an appeal from a Rule 69.5 dismissal order, not from the dismissal of a second action as *res judicata*. Although *Bram* might signal how a local court would rule if faced with successive suits, *Bram* did not expressly state that no exceptions to the general application of *res judicata* could ever be made and did not mention the line of cases on which the plaintiffs rely. That the *res judicata* effect of a Rule 69.5 dismissal might not be ironclad is suggested by a Supreme Court of Puerto Rico decision declining to give *res judicata* effect to a dismissal, under another Puerto Rican procedural rule, for failure to take action in a case for six months. Rule 11 of the Administrative Rules for the Court of First Instance of Puerto Rico; *Perez v. Bauza, supra*, at 215. In recently upholding a federal district judge's decision not to treat a dismissal under the same rule as *res judicata*, we noted, "The courts of Puerto Rico have recognized that in certain cases, the policies of *res judicata* are not well served by literal application of the procedural rules of the courts." *Berrios Rivera v. British Ropes, Ltd., supra*, at 970.

By the same token, we are by no means convinced that in this case the Puerto Rican courts would decline to invoke *res judicata*, just because a minor is involved and the defendant has not defended a suit on the merits. None of the published cases cited by the plaintiffs is directly on point.[4] Nor

---

4. *Perez v. Bauza*, 83 P.R.R. 213 (1961) is perhaps the closest to this case. In *Perez*, the Supreme Court of Puerto Rico declined to give *res judicata* effect to a Rule 11 dismissal of an action for filiation (paternity) and support, brought by a mother on behalf of her minor son. Some of the features that led the court to allow a second suit are present here: the first

judgment was on the merits only by operation of statute, the plaintiff was a minor sought to be held responsible for a parent's lack of diligence, and the defendant had suffered little inconvenience in moving to dismiss the first action. *Id.* at 219–20. But in *Perez*, the court also emphasized the significant public interest that filiation actions have under Puerto Rican

are the cases cited recent enough to assure us that we have an up-to-date picture of Puerto Rican law concerning *res judicata*, much less that such law would sanction a second suit here.

Indeed, had the district court made an explicit and reasoned ruling under Puerto Rican law that the interests of justice did not require an exception to the application of *res judicata*, or that the line of cases relied on by the plaintiffs was otherwise inapplicable, we would have been inclined to defer to his interpretation of local law. *See, e. g., Diaz-Buxo v. Trias Monge*, 593 F.2d 153, 156–57 (1st Cir.), *cert. denied*, 444 U.S. 833, 100 S.Ct. 64, 62 L.Ed.2d 42 (1979); *Berrios Rivera v. British Ropes, Ltd., supra*, at 970. Our difficulty is that we have no such explicit ruling to review. Although cases recognizing an exception to the general rule of *res judicata* were cited to the district court, the court's opinion does not mention them. Moreover, neither side drew the court's attention to our decision in *Berrios Rivera, supra*, in which we deferred to another district judge's decision not to apply *res judicata*, and the district court's opinion does not mention that case either.[5]

In these circumstances, we think the best course is to remand to the district court for further consideration. In this way, the district court can review the status of Puerto Rican law concerning *res judicata* and its application to this case, and can explain in some detail the conclusion it reaches about whether the doctrine of *res judicata* bars the plaintiffs' federal suit. If the district court thinks the issue is unclear, it can consider certifying the question to the Puerto Rican Supreme Court, a measure we do not imply is necessary.

*The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.*

law. *Id.* at 219. This case lacks that feature, and as such is more of a private dispute.

5. In no way do we suggest that the decision in *Berrios Rivera v. British Ropes, Ltd.*, 575 F.2d 966 (1st Cir. 1978), controls this case. There the plaintiff had been left a paraplegic after a cable on a crane snapped; he brought suits simultaneously in Puerto Rican and federal

courts, and his Puerto Rican suit was dismissed under Rule 11 while he was actively litigating his federal suit. In *Berrios Rivera* we emphasized that the defendants had not been put to the task of responding to multiplicitous suits and that the policy behind *res judicata*—to protect against harassment by successive litigation—was not involved. *Id.* at 970.