**Leon W. HASTINGS, Plaintiff,**

v.

**UNION BOILER, CO., et al.,
Defendants.**

Civ. No. 86–0034–P.

United States District Court,
D. Maine.

June 28, 1988.

Douglas S. Kaplan, Kenneth W. Hovermale, Bornstein & Hovermale, Portland, Me., for plaintiff.

James M. Bowie, Portland, Me., for defendants.

Peter J. Brann, Augusta, Me., for intervenor James E. Tierney, Atty. Gen. for State of Me.

ORDER GRANTING DEFENDANTS'
MOTION TO AMEND

CYR, Chief Judge.

On November 20, 1987, defendants moved to amend their motion to dismiss, dated May 7, 1986, to include res judicata as a further ground for dismissal. Plaintiff objects on the grounds that he would be severely prejudiced and that the motion to amend was not timely filed in accordance with an October 19, 1987 scheduling order.

Res judicata is an affirmative defense generally considered waived unless pleaded. Fed.R.Civ.P. 8(c). *See Badway v. United States,* 367 F.2d 22, 25 (1st Cir. 1966). But, of course, there are numerous exceptions to the waiver rule. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1278 at 344 (1969 & Supp. 1987). For instance, the First Circuit has held that "[o]rdinarily, res judicata is pleaded as an affirmative defense. However,

where the substantive rights of parties are not endangered, it is within the discretion of the district court to permit it to be raised by motion." *Diaz–Buxo v. Trias Monge,* 593 F.2d 153, 154 (1st Cir.), *cert. denied,* 444 U.S. 833, 100 S.Ct. 64, 62 L.Ed.2d 42 (1979) (citations omitted). *See also Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984) (res judicata may be raised by motion to dismiss); *Concordia v. Bendekovic,* 693 F.2d 1073, 1075–76 (11th Cir.1982) (res judicata may be raised by rule 12(b)(6) motion where defense is evident); *Limerick v. Greenwald,* 666 F.2d 733, 736 (1st Cir.1981) (trial court may consider res judicata on motion to dismiss, rather than in answer); *Westwood Chemical Co. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir.1981) ("It is now clearly established that res judicata can also be raised by motion") (citing cases); *Rodriguez v. Baldrich,* 628 F.2d 691, 692 n. 2 (1st Cir.1980) (res judicata may be raised on motion to dismiss absent objection and discernible prejudice); *Harrington v. Town of Garland,* 551 F.Supp. 1371, 1372 (D.Me. 1982) (res judicata raised by motion to dismiss).

The plaintiff asserts that:

If the Plaintiffs (sic) had raised *res judicata* as an issue any time during the approximately one year that *Hastings III* was pending in the State Court System, the Plaintiff would have been aware of such a defense, and assuming *arguendo*

that it was valid, taken appropriate steps to alleviate potential procedural and substantive problems generated therefrom. For example, the Plaintiff could have dismissed its State Court claim if it had knowledge of the possibility of such a *res judicata* defense.

*See* Plaintiff's Objection to Motion to Amend Defendants' ... Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law. But the plaintiff misses the point. The court can discern no unfair prejudice to plaintiff from his own failure to dismiss the state court action in *Hastings III.* It is obvious that the defendants bear no responsibility to alert plaintiff in advance to such a defense, much less to do so before the defense ever becomes available. Until the entry of final judgment in *Hastings III,* defendants *had no* res judicata defense, since it can only have been the final judgment in *Hastings III* which may have given rise to a res judicata bar of plaintiff's constitutional claims.[1]

The purpose of the requirement that res judicata be pleaded "is to give the opposing party notice of the plea and a chance to argue why its imposition would be inappropriate." *Westwood Chemical,* 656 F.2d at 1227 (*citing Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 350, 91 S.Ct. 1434, 1453, 28 L.Ed.2d 788 (1970).[2] As evidenced in

---

**1.** In *Harbeson v. Parke–Davis, Inc.,* 746 F.2d 517, 520 (9th Cir.1984), the court noted that because the two cases there involved had proceeded simultaneously, the defendant had not had the opportunity to raise the res judicata defense in his answer. The same is true in the present case. The plaintiff filed both *Hastings II & III* on January 16, 1986. Not until December 5, 1986, did the plaintiff obtain a final judgment from the Maine Supreme Judicial Court in *Hastings III.* Therefore, defendants could not raise res judicata until December 5, 1986.

*Hastings I* gave rise to no res judicata bar. As the plaintiff points out, *Hastings I* was before a tribunal lacking the power to consider constitutional claims. *Dissell v. Trans World Airlines,* 511 A.2d 441, 443 n. 1 (Me.1986) (Maine Workers' Compensation Commission "can do nothing other than apply the Maine Workers' Compensation Act to claims for compensation brought before it.")

**2.** There is disagreement among federal courts as to whether an appellate court may raise res

judicata *sua sponte. See Lesher v. Lavrich,* 784 F.2d 193, 195 (6th Cir.1986) (discussing split). *See, e.g., Alyeska Pipeline Service Co. v. United States,* 688 F.2d 765, 771, 231 Ct.Cl. 540 (1982) (*sua sponte* dismissal on res judicata ground), *cert. denied,* 461 U.S. 943, 103 S.Ct. 2120, 77 L.Ed.2d 1301 (1983); *American Furniture Co. v. International Accommodation Supply,* 721 F.2d 478 (5th Cir.1981) (same); *Robertson v. Interstate Securities Co.,* 435 F.2d 784, 787 n. 4 (8th Cir.1971) (same). *But see Savings & Profit Sharing Fund of Sears Emp. v. Gago,* 717 F.2d 1038, 1039 n. 3 (7th Cir.1983) (unless pleaded or otherwise properly raised at trial, res judicata defense is waived); *Nevada Power Co. v. Watt,* 711 F.2d 913, 923–33 (10th Cir.1983) (same). These courts have regarded the "desirability of avoiding duplicative litigation as sufficiently compelling to permit the court to raise the defense *sua sponte.*" *Lesher,* 784 F.2d at 195.

the five-page memorandum submitted in response to the October 19, 1987 scheduling order, plaintiff has had ample opportunity to brief the res judicata issue and to address the appropriateness of its consideration by the court in these circumstances.

Finally, plaintiff asserts that defendants' motion to amend their motion to dismiss was not timely under the court's October 19, 1987 scheduling order. However, the court's scheduling order did not impose any deadline for filing a motion to amend; it merely addressed the time frame for filing simultaneous memoranda and reply memoranda addressing the issues raised by the court in the scheduling order.

Accordingly, defendants' motion to amend their motion to dismiss is GRANTED.