Robert E. LYNCH, Plaintiff,

v.

BOARD OF STATE EXAMINERS OF ELECTRICIANS, Richard Fredette, Executive Secretary, Defendants.

No. Civ.A. 02–10119–RBC.[1]

United States District Court, D. Massachusetts.

Aug. 23, 2002.

See also 752 N.E.2d 842.

Robert E. Lynch, Chestnut Hill, MA, for Plaintiff.

1. With the parties' consent, this case has been referred and reassigned to the undersigned for all purposes including trial and the entry of judgment pursuant to 28 U.S.C. § 636(c).

**4**

Adam Simms, Assistant Attorney General, Boston, MA, for Defendants.

### MEMORANDUM AND ORDER ON MOTION TO DISMISS (# 3)

COLLINGS, United States Magistrate Judge.

#### I. Introduction

On January 10, 2002 plaintiff Robert E. Lynch ("Lynch" or "the plaintiff") filed this pro se action alleging that the defendant Board of State Examiners of Electricians, Richard Fredette, Executive Secretary[2] ("the Board" or "the defendant") violated his constitutional rights under the First, Fifth, and Fourteenth Amendments by requiring him, under Massachusetts General Laws chapter 62C, § 47A, to provide the Board with his Social Security number in order to renew his journeyman and master electrician licenses. (Complaint # 1 at 2, 5) The Board responded on or about February 22, 2002 with a motion to dismiss (# 3) and a memorandum of law in support of that motion. (# 4) Lynch subsequently filed an opposition to the motion to dismiss. (# 6)

#### II. The Facts

On or about July 14, 1998, Lynch submitted to the Board the applications and filing fees for renewal of his journeyman and master electrician licenses ("the licenses"). (# 1 at 2, ¶ 1) The plaintiff did not include his Social Security number on these applications because he had "openly and notoriously rescinded his Social Security card" in 1985 due to his religious beliefs. (# 1 at 2–3, ¶¶ 1–2)

The Board returned the applications and filing fees for the licenses to Lynch along with a letter dated August 4, 1998 stating that Lynch, under Massachusetts General Laws chapter 62C, § 47A, was required to provide the Commonwealth of Massachusetts with his Social Security number in order to renew the licenses.[3] (# 1 at 2, ¶ 1) In a letter dated July 27, 1998[4], Lynch explained to the Board that he had rescinded his Social Security card based on his religious beliefs and therefore did not possess a Social Security number. (# 1 at 2, ¶ 2) The plaintiff claims that he exhausted all of his administrative remedies and that the Board "reaffirmed their position, they would [accept] nothing less than the Social Security number." (# 1 at 3, ¶ 3)

Lynch first brought suit in Massachusetts Superior Court on December 30, 1998, alleging that Massachusetts General Laws chapter 62C § 47A, which authorizes the Board to require applicants for professional renewal licenses to provide their Social Security number, violated his First Amendment right to religious freedom and his privacy rights under 5 U.S.C. § 552a. (# 1 at 3, ¶ 3; # 4, Exhibit A, Superior Court decision at 2, 4) Ruling on cross-motions for summary judgment, the Superior Court denied the plaintiff's motion and granted the Board's motion. (# 1 at 4, ¶ 6; # 4, Exhibit A at 1)

The Superior Court decision was affirmed by the Massachusetts Appeals Court on August 8, 2001. (# 1 at 4, ¶ 8) In his appellate brief, Lynch asserted that the Board's "actions violated his rights under the due process, equal protection, and

---

2. Originally James M. Fahey was named as the Executive Secretary of the Board, but the position is now held by Mr. Fredette who is named only in his official capacity.

3. Prior to the enactment of Massachusetts General Laws chapter 62C, § 47A it was apparently voluntary to disclose one's Social

Security number on the application for license renewal. (# 1 at 2, ¶ 1)

4. It is unclear how Lynch's explanatory letter could have predated the Board's rejection letter, but this factual recitation accurately reflects the allegations in the complaint.

privileges and immunities clause of the United States Constitution." (# 4, Exhibit B, Appeals Court decision at 6) Lynch, however, had not incorporated these allegations in his complaint so these claims were not considered by the Superior Court or the Appeals Court. (# 4, Exhibit B at 6) In September, 2001 Lynch's petition for further appellate review in the Massachusetts Supreme Judicial Court was denied. (# 1 at 4, ¶ 10)

The plaintiff filed the instant federal action on or about January 10, 2002, alleging that the Board violated his First, Fifth, and Fourteenth Amendment rights by requiring applicants for the master electrician's and journeyman's licenses to provide the Board with their Social Security numbers. (# 1 at 5, ¶ 11) The Board, in response to the complaint, filed the instant motion to dismiss (# 3) asserting that res judicata[5] bars the plaintiff from relitigating claims that were or might have been brought against the Board in the state court action. (# 4 at 4)

### III. Applicable Standard

The Full Faith and Credit statute requires that "judicial proceedings of any court ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken." See Title 28 U.S.C § 1738. Federal courts must thus "treat a state court judgment with the same respect that it would receive in the courts of the rendering state." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 372, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996); *see Migra v. Warren City Sch.*

*Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Keystone Shipping Co. v. New England Power Co.*, 109 F.3d 46, 50–51 (1 Cir.1997).

■ Even if a suit "raises a federal question or seeks to vindicate federal constitutional rights," the federal court must apply the claim preclusion principles of the state that rendered judgment. *Cruz v. Melecio*, 204 F.3d 14, 18 (1 Cir.2000); *see Migra*, 465 U.S. at 80–85, 104 S.Ct. 892; *Allen v. McCurry*, 449 U.S. 90, 96–105, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Claim preclusion therefore "not only reduce[s] unnecessary litigation and foster[s] reliance on adjudication, but also promote[s] the comity between state and federal courts that has been recognized as the bulwark of the federal system." *Mulrain v. Bd. of Selectmen of Leicester*, 944 F.2d 23, 26 (1 Cir.1991) (*quoting Allen*, 449 U.S. at 95–96, 101 S.Ct. 411).

■ As the judgment in this case was rendered and affirmed in Massachusetts courts, Massachusetts claim preclusion standards apply. Under Massachusetts law, "claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the first action." *O'Neill v. City Manager of Cambridge*, 428 Mass. 257, 259, 700 N.E.2d 530, 532 (1998). A claim is therefore precluded if three elements are present: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." *Daluz v. Dep't of Corr.*, 434 Mass. 40, 45, 746 N.E.2d 501, 505 (2001). Claim preclusion applies to claims that

---

5. The term "res judicata" is sometimes used to refer to or comprise both claim preclusion and issue preclusion. See, e.g., *Bagley v. Moxley*, 407 Mass. 633, 636, 555 N.E.2d 229, 231 (1990) (*quoting Heacock v. Heacock*, 402 Mass. 21, 23 n. 2, 520 N.E.2d 151, n. 2 152

(1988)). Following the modern trend, however, for the purposes of this memorandum, the term "res judicata" will refer only to claim preclusion. See 18 Moore's Federal Practice § 131.10[l][b], (3d ed.2002).

were not but could have been litigated in the first case, even though the claimant in the second action may present new evidence or legal theories, because the party sought to be precluded has had the opportunity fully and fairly to litigate the matter in the first action. *O'Neill*, 428 Mass. at 259, 700 N.E.2d at 532; *Bagley v. Moxley*, 407 Mass. 633, 638, 555 N.E.2d 229, 232 (1990); *Heacock v. Heacock*, 402 Mass. 21, 24, 520 N.E.2d 151, 153 (1988) (*quoting Foster v. Evans*, 384 Mass. 687, 696 n. 10, 429 N.E.2d 995 (1981)).

## IV. Discussion

■ Procedurally, claim preclusion is usually raised as an affirmative defense in the answer to the complaint and/or on motion for summary judgment. See 18 Moore's Federal Practice § 131.50[1]–[3] (3d ed.2002). However, "where the substantive rights of parties are not endangered, a district court may in its discretion consider res judicata issues raised by motion to dismiss, rather than by the more usual form of an answer to a complaint." *Limerick v. Greenwald*, 666 F.2d 733, 736 (1 Cir.1982) (*citing Diaz–Buxo v. Trias Monge*, 593 F.2d 153 (1 Cir.1979)); *see* also *D'Amario v. Butler Hosp.*, 921 F.2d 8, 10 (1 Cir.1990) (affirming district court's dismissal of complaint in response to motion to dismiss on grounds of res judicata); *Rodriguez v. Baldrich*, 628 F.2d 691, 692 n. 2 (considering res judicata raised on a motion to dismiss because there was no

objection or discernible prejudice, although res judicata is "more properly pleaded as an affirmative defense in an answer"). It is therefore procedurally appropriate to consider res judicata on a motion to dismiss as long as "there was no prejudice to plaintiff resulting from the procedural format in which the issue of res judicata was considered." *Diaz–Buxo*, 593 F.2d at 155; *see* D'Amario, 921 F.2d at 10; *Limerick*, 666 F.2d at 736.

■ The reason for requiring res judicata to be pleaded as an affirmative defense under Rule 8(c), Fed.R.Civ.P. "is to give the opposing party notice of the plea and a chance to argue why its imposition would be inappropriate." *Hastings v. Union Boiler, Co.*, 688 F.Supp. 63, 64 (D.Me. 1988) (*quoting Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6 Cir.1981)); *see Diaz–Buxo*, 593 F.2d at 154; *Boston Scientific Corp. v. Schneider (Europe) AG*, 983 F.Supp. 245, 254 (D.Mass.1997), *appeal dismissed*, 152 F.3d 947 (Fed.Cir. 1998) (*quoting Blonder Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)). The plaintiff in the instant case had notice that the Board was interposing the principles of claim preclusion as a grounds for dismissal and ample opportunity to oppose the dispositive motion.[6] The Court may thus validly consider the res judicata defense raised in the motion to dismiss because there was no discernible prejudice to the plaintiff.[7] *See D'Amario*, 921 F.2d at 10;

---

6. The Board's motion to dismiss (# 3) was filed on February 22, 2002. On March 8, 2002, Lynch filed a motion (# 5) for an additional two weeks commencing the due date to respond to the motion to dismiss. The record does not indicate if this motion was granted, however, Lynch did not file a response to the motion to dismiss until March 28, 2002 (# 6, # 7) The plaintiff has not asserted that he is somehow unable to address fully the Board's argument.

7. Alternatively, the motion to dismiss is procedurally valid because the grounds for res judicata contained in the state court decisions may be reviewed by the court as an exception to the general rule that matters outside the pleadings may not be considered on a motion to dismiss. When deciding a motion to dismiss,

> Ordinarily, of course, any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment

*Rodriguez*, 628 F.2d at 692 n. 2; *Diaz–Buxo*, 593 F.2d at 155.

█ As a substantive matter, the three elements of the Massachusetts standard for claim preclusion, identity of the parties, identity of the cause of action, and a final judgment on the merits, are easily satisfied in the case at bar. The parties in the state and federal cases, Lynch and the Board respectively, are identical. There was a final judgment on the merits of the case because the Superior Court granted summary judgment for the Board which was affirmed by the Appeals Court and further appellate review was denied.[8]

Lynch claims, however, that there is not an identity of the causes of action in the prior and present cases because he is now bringing claims under the Fifth and Fourteenth Amendments which were not raised in the state court. (# 7)[9]

Claim preclusion does not just bar claims that were actually litigated, but rather "prevents relitigation of all matters that were or could have been adjudicated" in the prior action. *O'Neill*, 428 Mass. at 259, 700 N.E.2d at 532 (*quoting Blanchette v. Sch. Comm. of Westwood*, 427 Mass. 176, 179 n. 3, 692 N.E.2d 21 (1998)) (emphasis supplied). Although "the claimant is pre-

---

under Rule 56. See Fed.R.Civ.P 12(b)(6). However, courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint. *See, e.g., Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir.1991) (considering offering documents submitted by defendants with motion to dismiss claim of securities fraud); *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1014–15 (1st Cir.) (considering allegedly libelous article submitted by defendants with motion to dismiss), *cert. denied*, 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988): *Mack v. South Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986) ("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment."); *see also In re Wade*, 969 F.2d 241, 249 n. 12 (7th Cir.1992).

*Watterson v. Page*, 987 F.2d 1, 3–4 (1 Cir. 1993).

Lynch included the existence and result of the state court proceedings in the body of the complaint. (# 1 at 3–4, ¶¶ 5–10). Although the state court decisions were not appended to the complaint, the plaintiff did attach the Appeals Court decision to his opposition to the motion to dismiss. (# 7) The authenticity of these decisions is not disputed by either party, and the decisions are also a matter of public record. The Court may therefore properly consider these matters in deciding

motion to dismiss. See also Moore's Federal Practice, supra, § 131.50[2] (stating that courts will usually allow res judicata to be raised on a motion to dismiss if "the grounds for preclusion appear on the face of the complaint or consist of matters of which the court can take judicial notice").

8. Massachusetts courts "apply res judicata in a perfectly traditional manner," following the majority view of the Restatement (Second) of Judgments, (1982), which is the claim preclusion standard applied by federal courts. *Currie v. Group Ins. Comm'n*, 290 F.3d 1, 16 (1 Cir.2002); *Mulrain*, 944 F.2d at 25 (quoting *Isaac. v. Schwartz*, 706 F.2d 15, 16 (1 Cir. 1983)). The First Circuit has held that, under the federal (and majority) standard, summary judgment is a final judgment on the merits to which res judicata effect can be afforded. *Caballero–Rivera v. Chase Manhattan Bank*, 276 F.3d 85, 87 (1 Cir.2002), *cert. denied, Rivera v. Chase Manhattan Bank*, —— U.S. ——, 122 S.Ct. 2359, 153 L.Ed.2d 181 (2002) (*citing Dowd v. Soc'y of St. Columbans*, 861 F.2d 761 (1 Cir.1988)). Additionally, the First Circuit noted that a decision of the Massachusetts Superior Court granting summary judgment on all counts to the defendants, as in the instant case, was a final judgment on the merits under res judicata standards. *Currie*, 290 F.3d at 16.

9. The first two pages of the opposition memorandum, # 7, are unnumbered. Lynch's contention is set forth in the second unnumbered page of the memorandum.

pared in a second action to present different evidence or legal theories to support his claim," claim preclusion nevertheless applies. *Bagley*, 407 Mass. at 638, 555 N.E.2d at 232 (*quoting Heacock*, 402 Mass. 21, 23, 520 N.E.2d 151). Lynch had his chance fully and fairly to litigate the issues now before this Court in his state court action. His First[10], Fifth and Fourteenth Amendment claims arise out of the same nucleus of facts as did the claims he litigated on the state level. Indeed, as previously noted, Lynch attempted to argue these constitutional claims in the Appeals Court albeit without success. He is therefore barred from bringing the present case even though he may be prepared to proffer new legal theories to support his claim.

Because the principles of res judicata, or claim preclusion, clearly bar the plaintiff's federal court action, there will be no need to consider the defendant's alternative grounds for dismissal based on the Rooker–Feldman doctrine and failure to state a cause of action under 42 U.S.C. § 1983.(# 3)

### V. Conclusion

For the reasons stated, it is ORDERED that Defendant Board of State Examiners of Electricians' Motion to Dismiss the Plaintiff's Complaint (# 3) be, and the same hereby is, ALLOWED as to all claims. Judgment shall enter accordingly.

---

**10.** Although a violation of his First Amendment rights in alleged in his federal complaint (# 1 at 5, ¶ 11), in his opposition memo Lynch acknowledges that "[t]he Superior Court judge rightly determined ... that Lynch had failed to state a claim for violation of his rights under the First Amendment to the United States Constitution." (# 7)