Anastasia KUCHARSKI, Plaintiff,

v.

**TRIBECA LENDING CORPORATION and Carteret Mortgage Corporation, Defendants.**

**Civil Action No. 08–10137–NMG.**

United States District Court,
D. Massachusetts.

May 12, 2009.

Kevin P. Polansky, Kevin P. Scanlon, Barron & Stadfeld PC, Boston, MA, Frank P. Spinella, Jr. Hall, Morse, Anderson, Miller & Spinella, P.C., Concord, NH, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

This case arises out of a loan transaction by which the plaintiff, who appears *pro se*, refinanced her home and the subsequent foreclosure on that property. Plaintiff brings claims for, *inter alia*, violation of federal and state truth in lending laws, fraud and breach of fiduciary duty. One of the defendants has moved to dismiss on the ground that plaintiff's claims, having already been litigated in a state court action, are barred by the doctrine of *res judicata*.

### I. *Factual Background*

The plaintiff, Anastasia Kucharski ("Kucharski"), refinanced her home located at 33 Pinckney Street, Boston, Massachusetts ("the Property") in the fall of 2004. The defendant Tribeca Lending Corporation ("Tribeca") served as the lender in that transaction and the defendant Carteret Mortgage Corporation ("Carteret") acted as Kucharski's mortgage broker. On October 2, 2008, Carteret filed a suggestion of bankruptcy, giving rise to an automatic stay of the proceed-

ings against it pursuant to 11 U.S.C. § 362.

As part of the refinancing in 2004, Kucharski entered into a promissory note, secured by a mortgage, which provided for an adjustable interest rate of 12.99%, an unusually high rate at the time. The closing of the refinancing transaction occurred on October 15, 2004.

Within the first year after the refinancing Kucharski fell behind on her payments and defaulted on the mortgage and note. Tribeca initiated foreclosure proceedings in late 2005 by sending Kucharski a notice of intent to foreclose on the Property. A foreclosure sale was consummated on April 11, 2006, although Kucharski claims that she received no notice of that sale until the following month. The property was purchased at the foreclosure sale for $1.3 million by a purported third-party bidder who later assigned his rights to Tribeca's parent company.

Kucharski commenced this action on October 12, 2007, asserting that, at the time of the closing, Tribeca failed to make certain required disclosures to her, including disclosure of finance charges and fees, in violation of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Massachusetts Truth in Lending Act, M.G.L.c. 140D, § 1 *et seq.* She also asserts that Tribeca made misrepresentations amounting to fraud and breached its fiduciary duty to her. She seeks both damages and an order rescinding the mortgage transaction.

Prior to initiating the pending suit, Kucharski had previously brought claims related to the above events against Tribeca in the Massachusetts Superior Court for Suffolk County.[1] Specifically, in May, 2006, she brought claims against Tribeca

for failing to provide her with notice of the foreclosure sale and for failing to engage in sufficient marketing and advertising of that sale. Although Kucharski was originally granted a preliminary injunction in that proceeding, the injunction was later vacated and summary judgment was entered in Tribeca's favor. Kucharski's effort to amend her complaint in that litigation to add claims for violation of the federal and state truth in lending laws was also denied. The court ruled in that regard:

> Motion denied as these same issues were litigated at the preliminary injunction hearing and further the plaintiff's right to rescind was extinguished with the foreclosure sale and it would be unduly prejudicial to allow the amendment at this point.

## II. *Procedural History*

Kucharski filed the pending case in the Massachusetts Superior Court for Suffolk County on October 12, 2007. The complaint was served on the defendant Carteret on January 11, 2008, and removed to this Court shortly thereafter, with the defendant Tribeca later joining in that removal petition. On October 2, 2008, Carteret filed a suggestion of bankruptcy, giving rise to an automatic stay of the proceedings against it.

Tribeca filed the pending motion to dismiss on October 3, 2008. Kucharski, with permission, filed an opposition in December, 2008, to which Tribeca filed a reply. On March 24, 2009, Tribeca moved to stay all proceedings pending this Court's decision on the motion to dismiss.

---

1. Although not attached to the complaint, consideration of public records of the Massachusetts state court is proper when ruling on a motion to dismiss. *See Giragosian v. Ryan,* 547 F.3d 59, 65 (1st Cir.2008) (court may consider documents from prior state court adjudications in deciding motion to dismiss) (citation omitted).

### III. *Motion to Dismiss*

#### A. Legal Standard

In order to survive a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd,* 248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet,* 83 F.Supp.2d at 208.

#### B. Application

■ The defendant Tribeca moves to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), on the grounds that 1) Kucharski's claims are barred by *res judicata* and 2) her complaint fails to state a claim upon which relief can be granted. Because the Court concludes that the claims are barred by *res judicata,* it declines to consider Tribeca's arguments concerning plaintiff's failure to state a claim.

*Res judicata,* also known as claim preclusion,

makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action.

*O'Neill v. City Manager,* 428 Mass. 257, 259, 700 N.E.2d 530 (1998) (citation and internal quotation marks omitted). When considering the preclusive effect of a Massachusetts state court adjudication, federal courts apply the Massachusetts law of *res judicata. See Cruz v. Melecio,* 204 F.3d 14, 18 (1st Cir.2000) (citing *Kremer v. Chem. Constr. Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)).

■ Under Massachusetts law, *res judicata* requires:

(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.

*Kobrin v. Bd. of Registration in Med.,* 444 Mass. 837, 843, 832 N.E.2d 628 (2005) (citation and internal quotation marks omitted). With respect to the identity of the causes of action, Massachusetts courts bar the relitigation of any claims which the plaintiff had the full and fair opportunity to litigate in a prior action. *See Lynch v. Bd. of State Exam'rs of Electricians,* 218 F.Supp.2d 3, 8 (D.Mass.2002). Thus, claims not actually raised will be barred if they arise from of the same common nucleus of facts as the claims that were litigated. *Id.*

■ Tribeca asserts that Kucharski's claims are barred by *res judicata* because she previously asserted claims against Tribeca arising from the refinancing and foreclosure of the Property and Tribeca obtained a final judgment on the merits. Kucharski responds that there is insufficient identity between the causes of action because her earlier lawsuit concerned only the propriety of the foreclosure sale, which occurred in April, 2006, and not the lack of disclosure by Tribeca at the time of the refinancing, which occurred in October, 2004.

Despite Kucharski's effort to distinguish her claims, all of them arise from a com-

mon nucleus of facts. In a similar case the First Circuit Court of Appeals has held (albeit applying Puerto Rican law) that TILA claims could have been raised in connection with state court foreclosure proceedings and the failure to do so barred the plaintiff-in-counterclaim from asserting those claims subsequently in federal court. *R.G. Fin. Corp. v. Vergara–Nuñez*, 446 F.3d 178, 183–84 (1st Cir.2006). In so holding the First Circuit noted that:

> The foreclosure suit and Vergara's counterclaim involve the same object or matter and share a common factual origin; both actions arise out of the loan transaction, entail a determination of the validity of that transaction, and call into question the parties' rights vis-á-vis the loan and mortgaged premises.

*Id.* Similarly, Kucharski's claims relating to Tribeca's disclosures at the time of the closing and her already-litigated claims arising from the foreclosure sale "share a common factual origin" and could have been litigated together in the original state court proceeding. *See id.* That litigation ended with a final judgment on the merits thus precluding re-litigation of any claims that were, or could have been, asserted.

The record of the original state court action reveals that Kucharski did, in fact, attempt to raise her TILA claims in that case by amending her complaint. Kucharski maintains that the state court never reached the merits of those claims because it simply denied her motion to amend. That she was rebuffed in her effort to amend the complaint, however, does not alter the conclusion that the claims are now barred by *res judicata*.

■ Although unclear, the state court's denial of the motion to amend appears to have been at least partially based on consideration of the merits of the underlying claims. In denying the motion the court stated that "these same issues were litigated at the preliminary injunction hearing"

and that "the plaintiff's right to rescind was extinguished with the foreclosure sale." That language suggests that the state court concluded that amending the complaint would be futile because the newly asserted claims had already been decided or were without merit. Denial of a motion to amend on the grounds that it would be futile to do so is a determination on the merits and is entitled to preclusive effect. *See Integrated Techs. Ltd. v. Bio-Chem Immunosystems, (U.S.) Inc.,* 2 F.Supp.2d 97, 102 (D.Mass.1998).

■ That the motion to amend was also denied because the amendment would have been "unduly prejudicial," does not alter the analysis. Even had the state court denied the motion on that ground alone, its decision would likely be entitled to preclusive effect. As another session of this Court has explained:

> If a claim is both transactionally related to one which is the subject of a pending lawsuit and was in existence at the time the first lawsuit was filed, then, for all the same policy reasons that underlie the doctrine of claim preclusion, it is incumbent on the plaintiff either to 1) include the second claim in the original complaint or 2) bring the second claim into the first action by a motion to amend filed early enough to be allowed without undue disruption of the existing case.

*Id.* at 102–03.

Because all of Kucharski's claims are transactionally related to the subject of her original lawsuit and were either not raised in connection with that suit or raised and decided against Kucharski on the merits, she is barred from re-litigating them in this Court. Accordingly, the defendant's motion to dismiss will be allowed.

## ORDER

In accordance with the foregoing, defendant Tribeca's motion to dismiss (Docket No. 18) is **ALLOWED.** Defendant Tribeca's motion to stay (Docket No. 28) is **DENIED** as **MOOT.**

So ordered.