**E.I. DU PONT DE NEMOURS & CO., INC., Plaintiff, Appellant,**

v.

**John F. CULLEN, Trustee of Antinarelli Enterprises, Inc., Defendant, Appellee.**

**No. 85–1983.**

United States Court of Appeals, First Circuit.

Argued March 5, 1986.
Decided May 14, 1986.

**6**

Peter H. Sutton with whom Barry G. Braunstein and Riemer & Braunstein, were on brief, for plaintiff, appellant.

Carole Neville with whom Cullen & O'Connell, was on brief, for defendant, appellee.

Before COFFIN and BREYER, Circuit Judges, and MALETZ,* Senior Judge.

BREYER, Circuit Judge.

The appellant, E.I. du Pont de Nemours & Co., Inc., has been trying to collect about $50,000 that Antinarelli Enterprises owes it under a 1983 judgment in Massachusetts state court. In June 1984 du Pont brought a state court action, aimed at collecting the money. In that action, the state court appointed a receiver, who, in turn, seized cash and American Express drafts belonging to Antinarelli and transferred them to du Pont. Du Pont's satisfaction was short-lived, however, for a short time later Antinarelli went bankrupt, and the bankruptcy court set aside the transfer as a voidable preference. 11 U.S.C. § 547(b). The appointment of the receiver and the transfer of funds both took place within the (crucial) ninety-day period before bankruptcy. 11 U.S.C. § 547(b)(4)(A). Thus, the transfer was voidable—unless du Pont had somehow obtained a lien against the property more than 90 days before bankruptcy.

This is just what happened, says du Pont. It argues that its collection action is properly seen (at least in part) as either a statutory "action to reach and apply," Mass.Gen.Laws ch. 214, § 3(7), or a nonstatutory "creditor's bill," *see* 21 Am.Jur.2d *Creditors' Bills* (1981); J. Nolan, 31 *Massachusetts Practice: Equitable Remedies* § 388 (1975), or both. When a judgment creditor brings either sort of state law action, says du Pont, the *filing of the complaint* instantaneously creates a lien against the relevant property. *See Rioux v. Cronin*, 222 Mass. 131, 137–38, 109 N.E. 898, 901–02 (1915) (judgment creditor's mere filing of creditor's bill creates lien); J. Nolan, *supra*, § 382, at 460–62 & n. 9 (judgment creditor's mere filing of statutory action to reach and apply also creates lien, *but cf. Rioux*, 222 Mass. at 139, 109

---

* Of the United States Court of International Trade, sitting by designation.

N.E. at 902); *see also* L. Reed, 6 *Massachusetts Practice: Equity Pleading and Practice* § 473, at 556 n. 10 (1952); *id.* at 166 (Supp.1973). And, in this case the filing of the complaint in the state court action took place more than 90 days before Antinarelli went bankrupt.

Neither the bankruptcy court nor the district court accepted du Pont's arguments. Both courts found the transfer voidable, and held in favor of Antinarelli's bankruptcy trustee. Du Pont appeals to us. But we conclude that the lower courts were right.

We assume, at least for the sake of argument, that du Pont is correct about the legal consequences that flow from bringing a statutory "reach and apply" action or a nonstatutory "creditor's bill." That is to say, we assume that filing such an action creates a lien under Massachusetts law, apparently because the action is an equitable analogue to a levy of execution at law. *See Rioux,* 222 Mass. at 137–38, 109 N.E. at 902. We do not agree with du Pont, however, that its state court action can be viewed as either a statutory "action to reach and apply" or a nonstatutory "creditor's bill"; rather, it is a different legal animal, namely, a statutory action to appoint a receiver, Mass.Gen.Laws ch. 156B, §§ 104, 105.

■ This conclusion is fairly obvious once one examines du Pont's complaint in the state court action. We recognize that no one has formally placed the complaint in the record of this case. Yet, we see no reason to continue playing *Hamlet* without the prince. Nor do we believe it desirable to treat the complaint like Hamlet's father's ghost—exerting an unseen yet controlling influence from the limbo of the appendix to the trustee's district court brief. A copy of the complaint is in that appendix; neither party disputes its authenticity; and we have adequate legal power to take judicial notice of it. *See, e.g., Green v. Warden, U.S. Penitentiary,*

699 F.2d 364, 369 (7th Cir.), *cert. denied,* 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983); *Ives Laboratories, Inc. v. Darby Drug Co.,* 638 F.2d 538, 544 n. 8 (2d Cir.1981), *rev'd on other grounds sub nom. Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982); *St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir.1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *In re Phillips,* 593 F.2d 356 (8th Cir.1979) (per curiam); *United States ex rel. Geisler v. Walters,* 510 F.2d 887, 890 n. 4 (3d Cir. 1975); *cf. Senior Loiza Corp. v. Vento Development Corp.,* 760 F.2d 20, 25–26 & n. 8 (1st Cir.1985).

■ The complaint tracks, virtually line by line, the statutory requirements for an action to appoint a receiver. The complaint (which we reprint in an Appendix) basically alleges:

1) The defendant is a corporation.

2) The plaintiff recovered judgment against the defendant.

3) Execution was delivered to a deputy sheriff, who made a demand upon the defendant to pay the amount due, plus officer's fees.

4) The defendant neglected for 30 days to comply with the demand.

5) A receiver should be appointed.

6) The receiver should be authorized:

   a) to take charge of "the defendant's estate, property due the defendant";

   b) to collect the debts, obligations or property due the defendant;

   c) to prosecute and defend suits in the name of the defendant;

   d) to do all other acts which may be necessary or desirable for a final settlement of the affairs or business of the defendant.

7) The plaintiff seeks such other relief as seems just and equitable.

The relevant statutes on receivership state:

> If a judgment has been recovered [allegation 2] against a corporation [allegation 1] and it has neglected for thirty days [allegation 4] after demand made on execution [allegation 3] to pay the amount due with the officer's fees, . . . one or more receivers may be appointed [allegation 5] with the [following] powers and duties. . . .

> [The court may] appoint one or more receivers to take charge of [the corporation's] estate and effects [allegation 6(a)] and to collect the debts and property due and belonging to it [allegation 6(b)], with power to prosecute and defend suits in its name or otherwise [allegation 6(c)], to appoint agents under them and to do all other acts which might be done by such corporation, if in being, which may be necessary for the final settlement of its unfinished business [allegation 6(d)].

Mass.Gen.Laws. ch. 156B, §§ 105, 104. The degree of correspondence could hardly be closer. We do not see how the general additional request for "other just and equitable relief" (allegation 7) could make a significant difference.

At the same time, the complaint leaves out at least one item that the commentators say is an essential element of both a statutory "action to reach and apply" and a nonstatutory "creditor's bill," namely, a specific description of the property that is to be reached. 21 Am.Jur.2d *Creditors' Bills* § 75, at 60 ("The property to be reached by a creditor's bill must be described with certainty. . . ."); J. Nolan, *supra*, § 382, at 462 ("It is elementary that the property to be reached and applied must be sufficiently described in the complaint."). If (at least sometimes) the filing of a complaint creates a lien even before others have notice, it is understandable why the commentators might think a specific description of the relevant property is

important; a vague description might seem to impress a lien upon assets whose value substantially exceeds the underlying debt. For these reasons, du Pont's state court collection action cannot be characterized as du Pont now wishes.

Du Pont makes three additional arguments. First, it says the parties "stipulated" in the bankruptcy court that the state court collection action was an action to reach and apply. At oral argument, however, counsel was unable to find any such stipulation in the record; nor have we been able to do so.

Second, du Pont says the bankruptcy court "found" that the state court action was an action to reach and apply. As we read its opinion, however, we believe the court was assuming this characterization simply for the sake of argument. Regardless, the question is one of law; and, as a matter of law, we find that the action was not one to reach and apply.

Third, du Pont says the *later* course of the state court collection proceedings reveals that its action was in fact an action to reach and apply or a creditor's bill. For purposes of deciding whether a lien arose at the time the complaint was filed, however, the complaint itself—not the later proceedings—should control. Moreover, a course of events occurring within the ninety-day preference period does not normally, in itself, *both* create a lien *and* make that lien "relate back" to a date several weeks earlier, outside the ninety-day period—at least we are not aware of any authority that would require the "relation back" for which du Pont argues. *Compare* 11 U.S.C. § 547(e)(2) (for purposes of dating an alleged preference, transfer does not occur until date of perfection where perfection occurs more than 10 days after transfer has taken effect between transferor and transferee).

For these reasons, the judgment of the district court is

*Affirmed.*

## APPENDIX

E.I. DUPONT DENEMOURS & CO., INC., Plaintiff,

v.

ANTINARELLI ENTERPRISES, INC. dba SOUND ADVICE, Defendant.

84–3784

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT

MIDDLESEX, SS.

### COMPLAINT

1. The plaintiff is a corporation organized by law and having an usual place of business in Wilmington, Delaware.

2. The defendant is a Massachusetts corporation duly organized by law and having an usual place of business in Cambridge, County of Middlesex.

3. On the 26th day of July, 1983, the plaintiff brought a suit against the defendant in the Third District Court of Eastern Middlesex which was returnable in that court on the 30th day of August, 1983, and that on the 26th day of October, 1983, the plaintiff recovered judgment in the Third District Court of Eastern Middlesex in the amount of $49,442.40 damages and $60.30 costs on which judgment execution issued from that court on the 7th day of November, 1983. The defendant made a partial payment of $7,500.00.

4. The execution which issued against the defendant from the Third District Court of Eastern Middlesex was delivered into the hands of Eugene R. Murphy, a duly authorized deputy sheriff for the County of Middlesex, who, on the 17th day of November, 1983, made a demand upon the defendant to pay the amount of said execution or to exhibit to him Real or Personal Property belonging to the said defendant and subject to be taken on execution sufficient to satisfy the execution and the officer's fees.

5. The defendant has neglected for thirty days after the said demand of the said duly appointed and authorized deputy sheriff of the County of Middlesex, and still neglects and refuses to comply with the demand of the said deputy sheriff.

6. The following is a true copy of the return of the said deputy sheriff as endorsed on the bank of the said execution:

[Text omitted.]

WHEREFORE, the plaintiff prays:

1. That a Receiver be appointed for the defendant corporation.

2. That said Receiver be authorized:

   (a) To take charge of the defendant's estate, property due the defendant corporation;

   (b) To collect the debts, obligations or property due the defendant corporation;

   (c) To prosecute and defend suits in the name of the defendant corporation;

   (d) To do all other acts which may be necessary or desirable for a final settlement of the affairs or business of the defendant corporation.

3. For such other relief as to this court seems just and equitable.

By its attorneys,
RIEMER & BRAUNSTEIN
By s/s
Henry N. Goldberg
3 Center Plaza
Boston, MA 02108
(617) 523–9000