Arthur **D'AMARIO, III,**
Plaintiff, Appellant,

v.

**BUTLER HOSPITAL, et al.,**
Defendants, Appellees.

No. 90–1431.

United States Court of Appeals,
First Circuit.

Submitted Aug. 30, 1990.
Decided Dec. 10, 1990.

Arthur D'Amario, III, on brief, pro se.

Alan R. Tate and Tate & Elias, Providence, R.I., on brief for defendant, appellee Eliot Barron.

M.D. and Ruth Di Meglio and Carroll, Kelly & Murphy, Providence, R.I., on brief for defendant, appellee Butler Hosp.

Before CAMPBELL, TORRUELLA and CYR, Circuit Judges.

PER CURIAM.

*Pro se* plaintiff-appellant Arthur D'Amario brought a tort suit in the Rhode Island Superior Court against defendants-appellees Butler Hospital and Eliot Barron, M.D. On November 9, 1987, the day the case was expected to be called for trial, D'Amario's then-counsel, John Hines, asked defense counsel to make an offer of settlement, which defense counsel declined to do. Defendants assert on appeal, without contradiction by D'Amario, that whereas defendants had trial experts available and ready to testify, D'Amario had failed to identify a single trial expert. According to defendants, this virtually would have guaranteed a directed verdict for defendants under Rhode Island rules of discovery. Finding no interest in settlement, Hines then told defense counsel that his client had authorized him to drop the case. All counsel signed a November 9, 1987 judgment stipulation providing that judgment would enter for defendants and that D'Amario would waive all rights of appeal. After Hines represented that D'Amario had authorized him to drop the case, Rhode Island Superior Court Justice Israel signed the judgment stipulation.

On November 25, 1987, D'Amario filed a *pro se* motion to void the settlement in the Superior Court. At a December 2, 1987 hearing before Justice Israel, D'Amario argued that Hines had entered into the judgment stipulation without his knowledge or consent. Defense counsel argued that they reasonably relied on Hines' representation that D'Amario had authorized him to drop the case. Justice Israel denied the motion. The Rhode Island Supreme Court denied certiorari and dismissed D'Amario's appeal on July 19, 1988.

Subsequently, on October 12, 1988, D'Amario filed a *pro se* motion for relief from judgment in the Superior Court. At a hearing, D'Amario again argued that Hines had maliciously agreed to the judgment stipulation without D'Amario's knowledge or consent. D'Amario acknowledged that he was not aware of any fraud, misconduct, or impropriety on the part of defense counsel. Justice Israel denied the motion, finding that "[i]t seems quite obvious to me by now that judgment in this case was entered without your personal consent," but that "[i]t would be unjust to these Defendants for me to vacate a judgment that they entered into in good faith in reliance on your attorney who not only had the apparent authority to enter into that judgment, but who, in view of the then posture of the facts of the case, was facing

an almost certain direction of a verdict against you on the underlying case."[1]

On January 8, 1988, D'Amario filed a tort suit in the District of Rhode Island. D'Amario acknowledges that this suit named the same two defendants and raised the same causes of action as his state court suit. Upon defendants' filing of motions to dismiss on grounds of res judicata, the district court dismissed the complaint. D'Amario appeals. We affirm.

■ The res judicata effect of the Rhode Island consent judgment is governed by Rhode Island law. *Arrieta–Gimenez v. Arrieta–Negron*, 859 F.2d 1033, 1040 (1st Cir.1988). Under Rhode Island law there are three prerequisites to the application of res judicata: "1) [W]hether the first and second actions involve the same parties, or their privies; 2) whether the first and second actions comprise the same cause of action; and 3) whether a court of competent jurisdiction has entered a final judgment on the merits of the cause of action." *Schiavulli v. Aubin*, 504 F.Supp. 483, 486 (D.R.I.1980). D'Amario concedes that the first two requirements are met here. As to the third, it is well settled under Rhode Island law "that a consent agreement between the parties has the full force and effect of a decree and is res judicata." *C.D. Burnes Co. v. Guilbault*, 559 A.2d 637, 640 (R.I.1989); *Belanger v. Weaving Corp. of America*, 120 R.I. 348, 387 A.2d 692 (1978); *Air–Lite Products, Inc. v. Gilbane Building Co.*, 115 R.I. 410, 423–25, 347 A.2d 623, 630–31 (1975). *See also Arrieta–Gimenez, supra,* 859 F.2d at 1041; *Nash County Board of Education v. Biltmore Co.*, 640 F.2d 484, 487 (4th Cir.), *cert. denied,* 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981). Accordingly, the Rhode Island consent judgment constitutes "a final judgment on the merits of the cause of action," *Schiavulli, supra,* 504 F.Supp. at 486, for res judicata purposes. The cases D'Amario relies on to the contrary, none of which are Rhode Island Supreme Court decisions in any event, are all inapposite or distinguishable for the reasons stated in defendants' brief, or because they involve issue preclusion rather than claim preclusion, or for some other reason.

■ D'Amario contends that res judicata should not apply in this case because he did not consent to the consent judgment and was denied a full and fair opportunity for an adjudication on the merits. However, Rhode Island law is clear that an "attorney is authorized to take such steps in representing his client as he may deem legal, proper and necessary, and his acts in that respect, in the absence of fraud, must be regarded as the acts of his client." *Cohen v. Goldman*, 85 R.I. 434, 438, 132 A.2d 414, 416 (1957); *McLyman v. Miller*, 52 R.I. 374, 375, 161 A. 111, 112 (1932). *See also Parrilla–Lopez v. United States,* 841 F.2d 16, 20 (1st Cir.1988); *Damiani v. Rhode Island Hospital*, 704 F.2d 12, 16–17 (1st Cir.1983). In *Cohen* the Rhode Island Supreme Court refused to set aside a settlement stipulation allegedly agreed to by counsel without the client's consent. The court held,

It seems to us that petitioner's conduct, innocent though it may have been, placed his attorney in such a situation that a person of ordinary prudence and discretion would have been justified in assuming, as respondent did in the case at bar, that the attorney was authorized to perform, in behalf of his client, the particular act in question, namely, the compromise of the case and the filing of the settlement stipulation. It is the conduct of the client and not that of the attorney which must be considered in determining whether apparent authority exists, and if it does, the client is bound by what the attorney does. This being so, we believe that in a case such as this where two innocent parties are involved, justice requires that of the two the least culpable should not be made to suffer. Where either party to a transaction made with an agent is to suffer by his neglect, it should be his principal.

*Cohen, supra,* 85 R.I. at 439–40, 132 A.2d at 417 (citation omitted). The court re-

---

1. We take judicial notice of the proceedings in the Rhode Island Superior Court. *E. I. DuPont de Nemours & Co. v. Cullen,* 791 F.2d 5, 7 (1st Cir.1986), and cases cited therein.

ferred the client to a potential remedy against his attorney, stating, "It is well established that an attorney is liable to his client for any loss sustained by the latter in consequence of the attorney's fraud." 85 R.I. at 440, 132 A.2d at 417.

As the state court found in denying D'Amario's postjudgment motions, the holding in *Cohen* squarely governs the instant case. D'Amario does not dispute that defense counsel did nothing wrong. Nor did D'Amario allege any facts to cast doubt on defendants' assertion that Hines acted with apparent authority. Accordingly, D'Amario's allegations against Hines do not avail him to lift the bar of res judicata.

■ D'Amario next argues that, quite apart from res judicata analysis, section 9-1-22 of the General Laws of Rhode Island expressly permits his federal court action. The Rhode Island statute provides,

If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or if he dies and the claim survives, his executor or administrator, may commence a new action upon the same claim within one (1) year after the termination.

D'Amario argues that his state court action was not a "voluntary discontinuance" because he did not consent to it and was not "a final judgment upon the merits" for that reason and because the state court did not adjudicate the merits.

We think it clear, however, that under the reasoning of *Cohen, supra,* 85 R.I. 434, 132 A.2d 414, the termination of D'Amario's action was "voluntary" within the meaning of § 9-1-22 because it was agreed to by D'Amario's counsel acting with apparent authority and, in the absence of any wrongdoing by defense counsel, was binding on D'Amario. There is nothing in the statute to suggest that its use of the term "voluntary" was meant to refer to the client's subjective desires without regard to the usual rule that it is the attorney, cloaked with apparent authority, who speaks for the client. In addition, nothing in the statute suggests that "a final judgment upon the merits" for purposes of the statute is something fundamentally different from a final judgment on the merits for res judicata purposes. We hold that, under the Rhode Island authorities cited above which accord a consent judgment full res judicata effect, the consent judgment in this case constituted "a final judgment upon the merits" precluding the commencement of a new action under section 9-1-22.

We have considered D'Amario's other arguments and found them meritless.

The judgment of the district court is *affirmed.*