[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is plaintiff's motion to strike defendant's affirmative defenses of res judicata and collateral estoppel. Jurisdiction is pursuant to R.C.P. 12(f).
Statement of Facts
Edward Silvia (hereinafter "Plaintiff"), was employed as a door-to-door salesman for U.A. Columbia Cablevision of Mass, Inc. (hereinafter "Defendant") until January 17, 1990, when he was terminated. During his employment plaintiff was compensated at an hourly rate and was also awarded commissions based upon sales which he completed.
In December of 1989, three customer service representatives complained to management because they had not been given credit for sales which they had completed. Management personnel conducted an investigation which disclosed that plaintiff had been given credit for these sales and had subsequently been paid approximately ten thousand ($10,000) dollars in unearned commissions. Management personnel determined that plaintiff, who was not authorized to access the computer, had obtained access through a certain customer service representative who unknowingly assisted plaintiff in changing the employee code so as to reflect that plaintiff had actually made the sales. Plaintiff was then paid a commission which defendant ordinarily would not have to have made.
Management confronted plaintiff with this information, and, in response, plaintiff allegedly admitted his actions. Defendant then summarily dismissed plaintiff on January 17, 1990.
On January 19, 1990, plaintiff applied for and received unemployment benefits pursuant to M.G.L.c. 151A, § 24. In granting the benefits, a Department of Employment Training (hereinafter "DET") representative determined that plaintiff had been terminated due to a reorganization by defendant. Acting upon defendant's appeal, a full hearing was conducted wherein a DET review examiner heard testimony from plaintiff as well as various management personnel from defendant. The focus of the hearing centered upon the reason for plaintiff's termination. Plaintiff argued that his termination was a result of a company reorganization while defendant argued that plaintiff's dismissal was due to willful misconduct, which, pursuant to M.G.L.c.151A, § 25(e)(2), would have disqualified plaintiff from receiving benefits.
After finding that plaintiff's termination was due solely to his misconduct the DET review examiner reversed the decision to award benefits. On May 10, 1990, plaintiff appealed this decision to the Board of Review, which affirmed the examiner's reversal.
In the instant action, plaintiff alleges that subsequent to his termination on January 17, 1990, certain remarks concerning the reasons for his dismissal, and which were attributable to defendant's management personnel, were made. Plaintiff alleges that these remarks were defamatory in nature and seeks compensatory as well as punitive damages.
Plaintiff herein moves to strike defendant's affirmative defenses of res judicata and collateral estoppel averring that the issues decided at the DET hearing have no preclusive effect on the defamation claim. Conversely, defendants argue that any and all issues which constitute the present cause of action were adjudicated in their favor at the DET hearing. As such, defendants argue that the doctrines of res judicata and collateral estoppel bar the plaintiff from asserting the present claim.
Analysis
Res Judicata
The very premise of the doctrine of res judicata is that a final judgment on the merits, by a court of competent jurisdiction, should bar the relitigation of any issues with respect to a claim which was, or could have been raised in the prior action. Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308, 313 (1980); Mulholland ConstructionCo. v. Lee Pare Associates, Inc., 576 A.2d 1236, 1238 (R.I. 1990); Providence Teachers Union, Local 958, A.F.T., v.McGovern, 113 R.I. 169, 172, 319 A.2d 358, 361 (1974). It is generally accepted that the doctrine evolved in order to relieve parties to an action of the time and expense of multiple lawsuits and to conserve judicial resources. Montana v. United States,440 U.S. 147, 153-54, 99 S.Ct. 970, 973-74, 59 L.Ed.2d 210, 217 (1979).
Under Rhode Island law there are three prerequisites before the doctrine of res judicata may be invoked: "1) [W]hether the first and second actions involve the same parties, or their privies; 2) whether the first and second actions comprise the same cause of action; and 3) whether a court of competent jurisdiction has entered a final judgment on the merits of the cause of action." D'Amario v. Butler Hospital, 921 F.2d 8, 10 (1st Cir. 1990) (quoting Schiavulli v. Aubin, 504 F. Supp. 483, 486 (D.R.I. 1980)). Essentially, the doctrine of res judicata will prohibit the relitigation of a cause of action which has previously been adjudicated on its merits. Estate of Bassett v.Stone, 458 A.2d 1078, 1080 (R.I. 1983); R.A. Beaufort Sons,Inc. v. Travisonno, 121 R.I. 835, 840-41, 403 A.2d 664, 667 (1979).
Applying the above criteria to the case at bar, it is clear that the doctrine of res judicata does not bar plaintiff's asserted claim of defamation. In the first instance, the parties in the present action are not identical to the parties who were involved in the DET hearing. At said hearing plaintiff was seeking unemployment benefits from defendant. At no time were any of the other defendants named in the present action-namely, the management level employees who were allegedly responsible for the defamatory remarks — an adverse party to the DET proceedings. The only parties whose interests were at stake at said hearing were the plaintiff and defendant. Nor can it be said that defendant and the management employees were in privity in that the employee's interests at the DET hearing were not "so necessarily and inseparably connected as to make them virtually parties to the earlier proceeding." Harding v. Carr, 79 R.I. 32, 40,83 A.2d 79, 83 (1951). Significantly, at no time during the DET hearing were any interests — either adverse or beneficial — of the management employees at issue with respect to plaintiff's defamation claim.
The second requirement necessary to invoke the doctrine is that the first and second claims comprise the same cause of action. D'Amario, 921 F.2d at 10; Estate of Bassett, 458 A.2d at 1080. In this regard, defendant's assertion that res judicata operates so as to bar plaintiff from instituting the present claim is flawed. In the prior action, plaintiff sought unemployment benefits due to his termination from defendant's employment. Conversely, plaintiff herein seeks damages for alleged defamatory remarks attributed to employees of defendant. At no time during the DET hearing did plaintiff assert the defamation claim. Indeed, the jurisdiction of the reviewing examiner and the Board of Review was limited to reviewing plaintiff's claim for unemployment benefits. M.G.L.c. 151A, § 39, § 41. It is of import that the Massachusett's legislature has described the purpose of the Unemployment and Training Law as "intended to lighten the burden which now falls on the unemployed worker and his family." M.G.L.c. 151A, § 74. Consequently, it was not within the purview of either the reviewing examiner or the Board of Review to hear evidence concerning plaintiff's claim for defamation. Where the forum rendering the decision in the first action has limited subject matter jurisdiction the doctrine of res judicata will not bar a subsequent claim which the plaintiff was unable to assert in the first tribunal. Restatement, Second, Judgments, § 26(1)(c).
The third requirement necessary to invoke the doctrine is that the tribunal rendering the decision be one of competent jurisdiction and have entered a final judgment on the merits.D'Amario, 921 F.2d at 10; Estate of Bassett, 458 A.2d at 1080. Admittedly, both the reviewing examiner and the Board of Review have full authority, pursuant to M.G.L.c. 151A, § 39 and § 41, to render a final judgment with respect to unemployment benefits. Moreover, this Court is mindful that the doctrine of res judicata is applicable with respect to decisions rendered by administrative boards where the parties have had a fair opportunity to litigate. United States v. Utah Construction Mining Co., 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1965); Carothers v. Capozziello, 574 A.2d 1268, 1274 (Conn. 1990); Restatement, Second, Judgments § 83(1). The prior action, however, rendered a final judgment on the issue of whether plaintiff was eligible for unemployment benefits. Neither the reviewing examiner nor the Board of Review heard evidence concerning plaintiff's defamation claim. Thus, a final judgment concerning plaintiff's defamation claim was not — nor could it have been — rendered by either the reviewing examiner or the Board.
Collateral Estoppel
Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." State v. Chase, 588 A.2d 120, 122 (1991) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)). Simply put, the doctrine of collateral estoppel renders conclusive in a later action based upon a different claim the determination of certain issues actually litigated in the prior action. Montana, 440 U.S. at 153; Providence Teachers Union,
113 R.I. at 172, 319 A.2d at 361. Under Rhode Island law there are three prerequisites for the application of collateral estoppel: 1) an identity of issues; (2) a final judgment on the merits; and (3) an establishment that the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action. Chase, 588 A.2d at 122; ProvidenceTeachers Union, 113 R.I. at 172, 319 A.2d at 361.
With respect to the identity of issues, our Supreme Court has held that there are three prongs to be met before it can be determined that an issue is precluded from relitigation: (1) the issue sought to be precluded must be identical to the issue decided in the prior proceeding; (2) the issue must actually have been litigated; and (3) the issue must necessarily have been decided. Chase, 588 A.2d at 123; see, also, Lucido v. SuperiorCt., 51 Cal.3d 335, 341, 795 P.2d 1223, 1225, 272 Cal.Rptr. 767, 769 (1990).
Defendant argues that any issues with respect to plaintiff's defamation claim were litigated and decided at the DET hearing. However, this Court disagrees. The denial of unemployment benefits was based upon the theory that plaintiff engaged in willful misconduct. Neither the reviewing examiner nor the Board of Review made any factual determinations whatsoever regarding plaintiff's present claim. More importantly, pursuant to M.G.L. c. 151A, § 39(b)(2), the DET was required to apprise plaintiff of any and all issues to be reviewed upon appeal. In complying with this requirement, the DET sent notice to plaintiff advising him that the sole issue to be decided at the hearing was whether or not plaintiff's discharge was due to willful misconduct disqualifying him from unemployment benefits. Thus, no opportunity to litigate any issue with respect to plaintiff's defamation claim existed. Where collateral estoppel is sought to be applied so as to preclude a party from relitigating an issue, said party must have had a "full and fair opportunity" to litigate the issue in the earlier case. Montana, 440. U.S. at 153.
It is clear, therefore, that the issue which plaintiff seeks to litigate in the present action is dissimilar to the issue litigated at the prior hearing. As such, there is no identity of issues and defendant's asserted defense of collateral estoppel fails with respect to the first requirement. As defendants have failed to meet their threshold burden for invoking collateral estoppel, their fulfillment of the second and third requirements is rendered moot.
For the reasons herein above set out, plaintiff's motion to strike defendant's affirmative defenses of res judicata and collateral is granted and defendant's objections thereto are duly noted.
Counsel will prepare the appropriate judgment for entry.