USCA1 Opinion

 

 July 1, 1992 [NOT FOR PUBLICATION] ____________________ No. 91-2338 THOMAS J. PYCHE, Plaintiff, Appellant, v. RICHARD HOWE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Thomas J. Pyche and Sharon L. Pyche on brief pro se. _______________ _______________ Harvey Weiner, Barry D. Ramsdell, and Peabody & Arnold, on brief _____________ _________________ ________________ for appellee Richard P. Howe. Thomas E. Sweeney on brief for appellee Brian Barry. _________________ ____________________ ____________________ Per Curiam. Pro se plaintiffs Thomas and Sharon Pyche __________ filed this action for legal malpractice and conspiracy to commit fraud against attorneys Richard Howe and Brian Barry and Barry's client Daniel Desrochers. The district court entered summary judgment for attorney Howe and dismissed the claims against the remaining defendants with prejudice. We affirm. This case arose from defendant Desrochers' alleged breach of an agreement with plaintiff Thomas Pyche (Pyche). On July 9, 1986, Pyche sold Desrochers a duplex home at 124 D Street in Lowell, Massachusetts for $105,000, a price allegedly below the property's fair market value.1 Under the terms of their agreement, Desrochers agreed to allow Pyche's elderly parents to continue to reside at the property and to participate in the federally subsidized "Section 8" rental assistance program. Desrochers agreed to comply with any Section 8 requirements. Pyche agreed to pay his parents' share of the $350 monthly rent. Implicit in this poorly drafted agreement is the assumption that the Section 8 program would pay the balance of Pyche's parents' rent. The agreement also gave Pyche a right of first refusal should Desrochers wish to sell the property while Pyche's parents were still living there. ____________________ 1. The property is also described as 146 Warwick Street. -2- Pyche paid his parents' rent for July and August 1986. Thereafter, for reasons that are not clear, the deal went sour.2 Desrochers instituted eviction proceedings against Pyche's parents in Lowell district court. Attorney Barry represented Desrochers in these proceedings. The summary process complaint alleged that Pyche's parents were five months in arrears in their rent. Pyche engaged attorney Howe to represent his parents in the eviction proceeding and to institute a separate breach of contract action against Desrochers on Pyche's own behalf. To cut to the chase, the eviction proceeding resulted in a judgment for Desrochers. Attorney Howe filed a separate action against Desrochers on Pyche's behalf. The complaint in this breach of contract action alleged that Pyche sold the property to Desrochers for substantially less than its fair market value in return for Desrochers' promise that Pyche's parents could live there as long as they desired and that he (Desrochers) would help them secure Section 8 housing assistance. Desrochers allegedly breached this agreement by failing to help Pyche's parents secure Section 8 payments and by evicting Pyche's parents. Pyche claimed $50,000 damages for Desrochers' unjust enrichment. ____________________ 2. Pyche says that Desrochers refused to sign certain rent receipts to enable Pyche's parents to obtain Section 8 payments. Desrochers claimed that Pyche asked him to falsify the rent receipts to reflect that Pyche's parents paid the rent when, in fact, Pyche was paying the rent. -3- After this breach of contract action had been pending before the Middlesex superior court for almost two years, Pyche instructed attorney Howe either to move for summary judgment or withdraw. Attorney Howe was allowed to withdraw by a May 3, 1989 court order. Pyche represented himself in a bench trial. On September 21, 1989, the superior court issued a decision in favor of Desrochers. The superior court specifically found that Desrochers instituted eviction proceedings after the Pyches were five months in arrears on their rent and that Pyche failed to prove that Desrochers interfered with the normal processing of the section 8 application Pyche's parents had filed. The court concluded that "[t]he evidence is insufficient to warrant any finding that the defendant breached either provision of the sales agreement with respect to Pyche's parents." Judgment entered for Desrochers on October 2, 1989. The Pyches filed the instant federal action in November 1990. Their complaint alleged that the defendants had "engag[ed] in acts of conspiracy, fraud, misuse of the legal process, collusion, legal malpractice, obstruction of justice and racketeering." The Pyches specifically claimed that Howe lost the eviction proceeding unnecessarily and failed to place a lien on the property (thereby facilitating Desrochers' resale). Pyche reiterated his claim that Desrochers breached their agreement and alleged that -4- Desrochers and attorney Barry filed a fraudulent motion for summary judgment in the eviction case. The complaint also alleged that Barry failed to respond to Pyche's questions in the summer of 1986 (when Pyche and Desrochers were disputing the propriety of section 8 receipts). Both the Pyches and Howe filed motions for summary judgment. Barry moved to dismiss under Fed. R. Civ. P. 12 (b)(6). Desrochers was never served with the complaint as he apparently left Lowell for parts unknown. In a series of margin orders, the district court (1) allowed Howe's motions for summary judgment on the claims of Thomas and Sharon Pyche, (2) allowed Barry's motion to dismiss, and (3) sua sponte ___ ______ dismissed the complaint against Desrochers. The Pyches filed numerous post-judgment motions and a petition for mandamus which resulted in this appeal.3 Apart from the conclusory allegations of fraud, Pyche's claim against Howe essentially boils down to one of legal malpractice. The district court allowed Howe's motion for summary judgment on the grounds that the Massachusetts ____________________ 3. In resolving the Pyches' petition for mandamus, this court ordered that Pyche's "Notice of Intention to File an Appeal" be treated as a notice of appeal. Howe has moved to dismiss Sharon Pyche's appeal on the ground that she did not sign this notice, even though she is named in the caption. The district court granted Howe's motion for summary judgment on Sharon Pyche's claim on the ground that he did not have an attorney-client relationship with her. As the record supports this, we elect to affirm this ruling on its merits and thus need not decide the jurisdictional issue. See ___ Norton v. Mathews, 427 U.S. 524, 530-32 (1976). ______ _______ -5- superior court's judgment for Desrochers in the breach of contract action collaterally estopped Pyche from relitigating issues related to the eviction. Consequently, Pyche could not prevail in his malpractice claim because he was collaterally estopped from proving that he would have recovered on his underlying claim against Desrochers. This ruling was correct. Under Massachusetts law, "[a] client in a malpractice action based on an allegation of attorney negligence must show that, but for the attorney's failure, the client probably would have been successful in the prosecution of the litigation giving rise to the malpractice claim." Colucci v. Rosen, Goldberg, Slavet, _______ _________________________ Levenson & Wekstein, P.C., 25 Mass. App. Ct. 107, 111 (1987). _________________________ Pyche contends that but for Howe's negligent failure to attach the property and assert Desrochers' alleged breach of contract as a counterclaim in the eviction proceeding, his parents would not have been evicted, and Pyche would not have lost his claim to the property. But the superior court decided that Desrochers did not breach his agreement with Pyche by evicting Pyche's parents.4 This finding is binding and entitled to preclusive effect in this proceeding. See ___ ____________________ 4. We think this finding is apparent both from the language of the court's decision (finding that Desrochers did not breach "either provision" of the sales agreement, i.e., the section 8 provision, and the provision concerning the term of the tenancy) and the transcript of the trial in this proceeding. -6- Martin v. Ring, 401 Mass. 59, 61-62 (1987). As Pyche is ______ ____ foreclosed from proving that Desrochers breached their agreement by evicting Pyche's parents, Pyche cannot prevail on his claim that attorney Howe negligently failed to assert this breach in the eviction proceeding. Accordingly, the judgment for attorney Howe must be affirmed. Pyche's remaining claim asks that this court find fraud from the fact that Pyche was not successful in his previous action against Desrochers. The complaint was wholly insufficient to state a viable fraud claim against any of the defendants. Pyche's motions to amend his complaint did not cure these defects. Pyche remains collaterally estopped from relitigating his claim against Desrochers. Having reviewed the entire record, we discern no error. Accordingly, the judgment of the district court is affirmed.5 _________ ____________________ 5. This moots Howe's motions to strike the addendum to the Pyches' reply brief and the transcript of Pyche's superior court trial. We accepted the latter under E.I Dupont De _____________ Nemours & Co., Inc. v. Cullen, 791 F.2d 5, 7 (1st Cir. _____________________ ______ 1986)(federal courts may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue). The transcript indicates that Pyche had a full and fair opportunity to litigate his claims against Desrochers. -7- -8-