Stone v. Hamel                          CV-91-385-B    06/01/93

                  UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF NEW HAMPSHIRE


Lawrence Stone

        v.                          Civil No. 91-385-B

Robert Hamel, et al.



                          **O R D E R**


        Plaintiff Lawrence Stone commenced this action as a claim

for damages and declaratory relief pursuant to 42 U.S.C. § 1983.

The Magistrate Judge subsequently construed Stone's complaint as

also seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

See Stone v. Hamel, et al., No. 91-385-B, slip op. at 1 (D.N.H.

Feb. 2, 1993) (Barry, M.J.); Stone v. Hamel, et al., No. 91-385-

D, slip op. at 3 (D.N.H. Dec. 18, 1991) (Barry, M.J.).  This

matter is before me on the state's motion to dismiss.

## I.  **FACTS**[1]

Stone is incarcerated at the New Hampshire State Prison ("NHSP").  He first became eligible for parole on or about April 7, 1989.  After a hearing on June 2, 1989, the Parole Board issued a decision approving Stone for parole.  The decision states that Stone's parole would become effective

> on or after June 2, 1989, subject to a suitable parole program, continued good adjustment and the following Special Conditions:
>
>> A.    [Stone] will participate regularly in Alcoholics' Anonymous to the satisfaction of the Probation/ Parole Officer.
>>
>> G.    [Stone] will refrain totally from the use of alcoholic beverages.
>>
>> H.    [Stone] will submit to breath, blood, or urinalysis testing for abuse substances at the direction of the Probation/Parole Officer.

See Complaint (document no. 4) (attachment).

On July 17, 1992, while still an inmate at NHSP, Stone submitted to an on-site drug test.  Stone was later informed that

---

[1]  This statement of facts is drawn from Stone's complaint and its attachments.  In ruling on the state's motion to dismiss, I accept the truth of the allegations in the complaint and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Ber niger v. Meadow Green-wildcat Corp., 945 F.2d 4, 6 (1st Cir. 1991).

he had tested positive for marijuana and, as a result, the Prison Disciplinary Board would hold a hearing on September 6, 1989 to determine if he had committed a major infraction under the prison's disciplinary rules. On August 24, 1989, the Parole Board issued an order rescinding its prior decision granting Stone parole. The Parole Board cited the pending disciplinary action as its reason and stated that it would reconsider the matter at its next meeting if the Disciplinary Board found him not guilty. Alternatively, if the Board found Stone guilty, the Parole Board agreed to rehear his case in December if he remained free from disciplinary infractions for 90 days. The Parole Board reached this decision without giving Stone a preliminary hearing and without affording him an opportunity to retain counsel, present evidence, or cross examine witnesses.

The Prison Disciplinary Board found Stone guilty of using marijuana after a hearing on September 6, 1989. Stone was denied an opportunity to question the technician who performed the drug test and was not permitted to challenge other matters at the hearing such as chain of custody, the qualifications of the technician, and the validity of the test. Stone appealed the decision to Commissioner Powell without success.

Stone remained free from disciplinary violations for the 90 days contemplated by the Parole Board's August 24, 1989 order. The Parole Board informed Stone at the December 15, 1989 hearing that his prior disciplinary violation would not be held against him. Nevertheless, Stone claims that the Parole Board denied him parole because he wore his hair in a long ponytail.[2] In its decision, the Board explained that the warden had recommended that Stone be transferred first to the Medium Security Unit ("MSU") and then to the halfway house before being considered for parole again. Stone remains ineligible for transfer to either the MSU or the halfway house because he refuses to comply with a prison regulation forbidding long hair at these facilities. Thus, he has not yet become eligible to be reconsidered for parole.

## II. DISCUSSION

The State has moved to dismiss Stone's § 1983 and habeas corpus claims. The state's principal challenge to the § 1983

---

[2] The state disputes these allegations and claims that the Board's December 15, 1989 decision denying Stone parole was based on the fact that Stone had been found guilty of another major disciplinary infraction in September 1989 for unauthorized possession or use of a prescription drug.

4

claims is that they are barred by the doctrine of res judicata. The state contends that habeas corpus claims should be dismissed because they fail to state a claim. I consider each argument separately.

A. § 1983 Claims.

The state relies on records concerning other court actions Stone has filed against several of the defendants and argues that his § 1983 claims are barred by the doctrine of res judicata. Ordinarily, I would treat the state's motion as a motion for summary judgment because it relies upon state court records in another action. See Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982). However, plaintiff has not disputed the accuracy or completeness of the state court records. It is appropriate therefore to take judicial notice of the state court proceedings and to resolve the matter now. See D'Amario v. Butler Hosp., 921 F.2d 8, 10 (1st Cir. 1990) (in ruling on motion to dismiss on grounds of res judicata, judicial notice was properly taken of prior state court proceedings), cert. denied, 111 S. Ct. 2840 (1991); E.I. du Pont de Nemours & Co. v. Cullen, 791 F.2d 5, 7 (1st Cir. 1986) (judicial notice could be taken of a complaint filed in state court action where a copy of the complaint was contained as an appendix in a brief filed in

5

federal district court and neither party disputed its authenticity).  But cf. Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co., No. 92-2148, slip op. at 6-7 (1st Cir. May 19, 1993) (district court's reliance on articles in the national press, submitted by neither party, in ruling on motion to dismiss was not within the scope of judicial notice because the accuracy of the facts, in part, could not be readily determined by resort to sources whose accuracy could not be reasonably questioned).

The records submitted by the state demonstrate that Stone raised and lost a § 1983 claim on identical grounds in state court.  Specifically, in Stone v. Adult Parole Board, et al., No. 90-E-00075-B, which was filed in Merrimack County Superior Court, Stone raised identical § 1983 claims.  This action was dismissed in orders issued by Judges Manias and Dunn dated August 31, 1990 and January 9, 1991, respectively.  Moreover, in an order dated May 17, 1991, the New Hampshire Supreme Court declined to accept Stone's appeal from those orders.  Thus, Stone has already litigated the same issues he raises here in an unsuccessful state court action.

The United States Supreme Court has determined that a state court judgment has the same claim preclusive effect in federal court as the judgment would have in the state court where the

6

original judgment was obtained. <u>Migra v. Warren City School Dist. Bd. of Educ.</u>, 465 U.S. 75, 85 (1984) (citing 28 U.S.C. § 1738); <u>Allen v. McCurry</u>, 449 U.S. 90, 96 (1980). This general rule applies with equal force to § 1983 claims. <u>Migra</u>, 465 U.S. at 84-85; <u>Pasterczyk v. Fair</u>, 819 F.2d 12, 13 (1st Cir. 1987).

There is nothing unusual in the way in which New Hampshire courts apply the doctrine of res judicata. <u>See</u> <u>generally</u> <u>Schwartz v. New Hampshire Dep't of Revenue Admin.</u>, 135 N.H. 470, 474 (1992); <u>Marston v. United States Fidelity & Guar. Co.</u>, 135 N.H. 706, 710-11 (1992). Since Stone litigated to a final judgment the same claims he raises in this action, New Hampshire law would prevent him from relitigating his claims in the state courts. Moreover, Stone's complaint in this case and his objection to the state's motion to dismiss are devoid of any suggestion that the state courts were an inadequate forum for the litigation of his § 1983 claims. Accordingly, he is barred from raising these claims here by the doctrine of res judicata.

B. <u>Habeas Corpus Claims</u>

Construing Stone's complaint broadly, it appears to raise the following issues:

(1) Did the Parole Board's August 24, 1989 decision rescinding Stone's parole implicate a constitutionally protected liberty interest? If so, was he afforded all

7

the constitutionally required procedures when the Board rescinded its order approving Stone for parole?

(2)  Did the Prison Disciplinary Board's September 6, 1989 decision finding Stone guilty of a major disciplinary infraction implicate a constitutionally protected liberty interest?  If so, was that interest improperly infringed by (i) denying him the right to confront and examine the technician who performed the drug test; (ii) denying him an opportunity to challenge other alleged deficiencies in the prison's case, such as chain of custody; and (iii) finding him guilty of a disciplinary infraction based solely on the results of a drug test?

(3)  Did the Parole Board's December 15, 1989 decision declining to consider Stone for parole implicate a constitutionally protected liberty interest?  If so, was that interest improperly infringed when the Board declined to consider him for parole until he was transferred first to MSU and later to the halfway house in view of the fact that Stone would have to cut his hair to be eligible for transfer to either facility?

I am unable to answer any of these questions on the present record.  Accordingly, pursuant to Rule 7 of the Federal Rules governing Section 2254 cases, I direct the state to expand the record by filing on or before June 15, 1993 an indexed appendix containing the following materials:

(1)  the statutes, regulations and policies affecting (i) the Parole Board's August 26, 1989 decision revoking Stone's parole; (ii) the September 6, 1989 Prison Disciplinary Board decision finding Stone guilty of a major infraction; and (iii) the Parole Board's December 15, 1989 decision denying Stone parole;

(2)  all records relating to the August 24 and December 13, 1989 decisions of the Parole Board;

8

> (3) All records relating to the September 6, 1989 decision of the Disciplinary Board;
>
> (4) a copy of the Prison's 1989 rules governing the hair length of inmates;
>
> (5) an affidavit from the Chairman of the Prison Disciplinary Board or another suitable official explaining the Board's decision to deny Stone the right to question the technician and to challenge matters such as chain of custody and the validity of the test at his disciplinary hearing; and
>
> (6) an affidavit from a suitable prison official explaining the rationale for the prison's hair length policy.

At the same time, the state shall file a memorandum of not more than 25 pages addressing each of the issues identified in this order. The state shall consider the applicability or inapplicability of the following decisions in addition to those decisions cited by the state in support of its motion to dismiss: Brennan v. Cunningham, 813 F.2d 1, 5-6 (1st Cir. 1987); Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Kentucky Dep't of Corrections v. Thompson, 109 S. Ct. 1904, 1909 (1989); Bowser v. Vose, 968 F.2d 105, 107 (1st Cir. 1992); Lanier v. Fair, 876 F.2d 243, 252-53 (1st Cir. 1989); Perveler v. Estelle, 974 F.2d 1132, 1134 (9th Cir. 1992); Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth., 929 F.2d. 233, 237 (6th Cir. 1991); Ponte v. Real, 471 U.S. 491 (1985); Smith v. Massachusetts Dep't of Corrections, 936 F.2d 1390, 1397-1402 (1st Cir. 1990);

9

<u>Koenig v. Vannell</u>, 971 F.2d 422, 423 (9th Cir. 1992); <u>Sence v. Farrier</u>, 807 F.2d 753, 756 (8th Cir. 1986); <u>Howard v. Dept. of Corrections</u>, No. 91-1687, 1992 U.S. App. LEXIS 26660 (9th Cir. October 13, 1992); <u>McCormack v. Cheers</u>, No. 90 Civ. 7430, 1993 U.S. Dist. LEXIS 4133 (S.D.N.Y. July 9, 1993); <u>Soto v. Lord</u>, 693 F. Supp. 8, 17-20 (S.D.N.Y. 1988).

The plaintiff shall file any additional documents in support of his position and a memorandum responding to the state's memorandum on or before July 1, 1993. After reviewing the additional materials and memoranda, I will determine whether an evidentiary hearing will be necessary to resolve the remaining issues.

## III. <u>CONCLUSION</u>

Defendant's Motion to Dismiss (document no. 25) is granted in part and denied in part: Stone's § 1983 claims are dismissed and the state's request to dismiss Stone's habeas corpus claim is denied. Since all that remains is the resolution of Stone's habeas corpus claims, he is not entitled to a jury trial. Accordingly, the case shall be removed from the jury list.

SO ORDERED.


_____
Paul Barbadoro
United States District Judge


June   1, 1993

cc:  James S. Clark-Dawe, Esq.
     Geoffrey J. Ransom, Esq.